ver. 08/04/14

1  MORGAN D. KING Bar # 050887
2  Attorney & Counselor at Law
3  P.O. Box 2952
4  Dublin, CA 94568
5  Tel 925 829-6363
6  Fax 925 829-8724
7  Morgan@MorganKing.com
8  Attorney for Plaintiff Nancy H. Finley
9
10
11
12
13           IN THE UNITED STATES DISTRICT COURT
14        FOR THE NORTHERN DISTRICT OF CALIFORNIA
15               SAN FRANCISCO DIVISION
16
17
18
19  NANCY H. FINLEY,                          )
20                                            )
21          Plaintiff,                        )   No: 3:14-cv-04028-TEH
22                                            )
23  v.                                        )   DECLARATION OF NANCY
24                                            )   FINLEY IN RESPONSE TO
25  DYNAMIC RECOVERY SOLUTIONS,               )   CONSUMER RECOVERY
26  ACCELERATED FINANCIAL                     )   ASSOCIATES MOTION FOR
27  SOLUTIONS, CONSUMER RECOVERY              )   SUMMARY JUDGMENT
28  ASSOCIATES, LLC, )  and Does 1 through 10 )
29                                            )   Date June 1, 2015
30          Defendants                        )   Time: 10:00 a.m.
31                                            )   Courtroom: 2
32                                            )   Hon. Thelton E. Henderson
33  ------------------------------------------------------
34
35  1. I, Nancy Finley, declare as follows:

36  2. I am the Plaintiff in the above titled matter.

37  3. I am over the age of 18.

38  4. I have personal knowledge of all statements made, and all documents described,

39  herein.

40

41  5. Either my attorney or myself have communicated with the Defendant or Defendant's

42  legal counsel, as follows:

1

ver. 08/04/14

43

44        a. Sometime in March, 2010, CRA left several telephonic messages demanding

45   payment. Caller used "rude" and "demanding" tone of voice.

46        b. Sometime in April, 2010, I received an undated letter (**Exhibit A**) from

47   Consumer Recovery Associates ("CRA") stating "Balance: $32,593.29." It ascribed an

48   "account number." The letter said, among other things, "The principal balance reflected

49   above is the amount currently owed to CRA." It suggests a "payment arrangement" and "

50   … direct all future payments and inquiries to Consumer Recovery Associates, LLC …"

51   and the address. On the reverse in small print is a threat to report the matter on the my

52   credit report "If you fail to fulfill the terms of your credit obligations." But CRA " … will

53   not submit a negative credit report to a credit reporting agency about this credit obligation

54   until the expiration of the time period described on the front of this letter." The front of

55   the letter gave me 30 days after receiving the notice in which to comply, or dispute the

56   debt. The letter states "This communication is from a debt collector and is an attempt to

57   collect a debt."

58       Subsequently, I am informed that the date that it was mailed was April 12, 2010.[1]

59        c. On April 29, 2010, within 30 days of the receipt of the demand letter, at my

60   instruction my attorney wrote a letter to CRA by certified mail, with a copy to agent

61   James G. Fox (**Exhibit B**). The letter notified the defendant that the I did not owe the

62   debt, that the California statute of limitations on commencing litigation of such debts had

63   expired, and instructed the defendant to direct all future communications to my attorney,

64   demanded damages, and warned defendant that unless CRA responded to my letter in a

65   timely manner, I was "prepared to proceed with civil proceedings, seeking actual

66   damages," etc.

67        d. On May 11, 2010 my attorney sent a follow-up letter (**Exhibit D**) to an attorney,

68   Michelle Lyon, counsel for Consumer Recovery Associates, in connection with the

69   undated April demand letter. again requesting documentation for the alleged debt.

70        e. On May 11 2010, my attorney informed me that he had received a call from an

71   attorney, Michelle Lyon,

---

[1] Declaration of James Fox, page 2, paragraph 5.

ver. 08/04/14

72    f. On May 11, 2010, my attorney made a follow-up call to Michelle Lyon by phone,

73 and discussed the undated April letter.

74    g.  May 11, 2010, Defendant's legal counsel called my attorney and left a message.

75    h. On May 12, 2010 my attorney again contacted Michelle Lyon, who said she

76 would get back to us.

77    i. On May 13, 2010 my attorney again conferred by phone with Michelle Lyon.

78    j. Again on May 13, telephone conference, no results.

79    k. On May 24, 2010, my attorney left a message with Michelle Lyon.

80    l. On May 25, 2010, my attorney left another message with Michelle Lyon.

81    m. On May 26, 2010, my attorney reported he had received another telephone

82 message from Ms. Lyon returning his call.

83    n. On May 26 2010 my attorney again left a message with Ms. Lyon.

84    o. On June 8, 2010 my attorney received a message from a "Mr. Sessions" on

85 behalf of M. Lyon. My attorney also faxed to him a copy of the April 29 letter my

86 attorney previously sent to CRA.[2]

87    p. On November 12, 2010, March 5, 2011, August 19 2011, and February 3, 2912,

88 my attorney faxed letters to CRA.

89    q. On July 10, 2012 my attorney sent a follow up letter (**Exhibit E**) to K.C. Scott

90 addressed to the "Recovery Department" Consumer Recovery Associates again

91 requesting documentation for the alleged debt, or in the alternative, damages of $25,000.

92    r. On February 5, 2013, my attorney again sent a follow-up letter to K.C. Scott

93 addressed to the "Recovery Department" Consumer Recovery Associates (**Exhibit F**)

94 begging some reply from the Defendant, and suggesting Plaintiff may have to "review

95 other options in this matter if you remain silent."

96    s. On May 7, 2014 Defendant Dynamic Recovery Solutions sent me a letter

97 suggesting "settlement" without disclosure that the statute to commence civil action to

98 collect the alleged debt had expired. The letter (Exhibit G)  stated "You Currently Owe

99 $39,969.99," and stated "Our office will allow you to settle your account for

100 $13,989.50." The letter also states "If you dispute the validity of the debt or any portion

---

[2] I am informed and believe that Mr. Sessions was later determined to be CRA counsel in
2014, as well.

ver. 08/04/14

101  thereof, this office will obtain verification of the debt or obtain a copy of the judgment

102  and mail you a copy of such judgment or verification."

103      t. In reply, on June 4, 2014 my attorney sent a letter to Accelerated Financial

104  Solutions, dba Dynamic Recovery Solutions (**Exhibit H)** which, among other things,

105  disputed the debt. In fact this company has never provided me with either verification, or

106  a judgment.

107  6. I have never received any information or notice of how or when this alleged "account"

108  became transferred from Consumer Recovery Associates into the possession of

109  Accelerated Financial Services, dba Dynamic Recovery Solutions.

110  7. Not having received any reply to correspondence repeatedly sent by my attorney to

111  Consumer Recovery Associates, I assumed they had deleted the alleged account and that

112  no further action would be directed to me in connection with such account.

113

114  I declare that the statements herein are based on my personal knowledge and are true and

115  correct, except as to those matters on information and belief, and as to those matters I

116  believe them to be true, at Dublin, California, on Dated: _____04/28/2015_____

117

118
119                                                        _____/s/_____
120                                                        Nancy Finley

4