ver. 08/04/14

1  MORGAN D. KING Bar # 050887
2  Attorney & Counselor at Law
3  P.O. Box 2952
4  Dublin, CA 94568
5  Tel 925 829-6363
6  Fax 925 829-8724
7  Morgan@MorganKing.com
8  Attorney for Plaintiff Nancy H. Finley

13           IN THE UNITED STATES DISTRICT COURT
14         FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                  SAN FRANCISCO DIVISION

19  NANCY H. FINLEY,                        )
20                                          )
21         Plaintiff,                       )   No: 3:14-cv-04028-TEH
22                                          )
23  v.                                      )   DECLARATION OF NANCY
24                                          )   FINLEY IN RESPONSE TO
25  DYNAMIC RECOVERY SOLUTIONS,             )   CONSUMER RECOVERY
26  ACCELERATED FINANCIAL                   )   ASSOCIATES MOTION FOR
27  SOLUTIONS, CONSUMER RECOVERY            )   SUMMARY JUDGMENT
28  ASSOCIATES, LLC, )  and Does 1 through 10 )
29                                          )   Date June 1, 2015
30         Defendants                       )   Time: 10:00 a.m.
31                                          )   Courtroom: 2
32                                          )   Hon. Thelton E. Henderson
33  ------------------------------------------------

35  1. I, Nancy Finley, declare as follows:

36  2. I am the Plaintiff in the above titled matter.

37  3. I am over the age of 18.

38  4. I have personal knowledge of all statements made, and all documents described,
39  herein.

41  5. Either my attorney or myself have communicated with the Defendant or Defendant's
42  legal counsel, as follows:

1

ver. 08/04/14

a. Sometime in March, 2010, CRA left several telephonic messages demanding payment. Caller used "rude" and "demanding" tone of voice.

b. Sometime in April, 2010, I received an undated letter (**Exhibit A**) from Consumer Recovery Associates ("CRA") stating "Balance: $32,593.29." It ascribed an "account number." The letter said, among other things, "The principal balance reflected above is the amount currently owed to CRA." It suggests a "payment arrangement" and " … direct all future payments and inquiries to Consumer Recovery Associates, LLC …" and the address. On the reverse in small print is a threat to report the matter on the my credit report "If you fail to fulfill the terms of your credit obligations." But CRA " … will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter." The front of the letter gave me 30 days after receiving the notice in which to comply, or dispute the debt. The letter states "This communication is from a debt collector and is an attempt to collect a debt."

Subsequently, I am informed that the date that it was mailed was April 12, 2010.[1]

c. On April 29, 2010, within 30 days of the receipt of the demand letter, at my instruction my attorney wrote a letter to CRA by certified mail, with a copy to agent James G. Fox (**Exhibit B**). The letter notified the defendant that the I did not owe the debt, that the California statute of limitations on commencing litigation of such debts had expired, and instructed the defendant to direct all future communications to my attorney, demanded damages, and warned defendant that unless CRA responded to my letter in a timely manner, I was "prepared to proceed with civil proceedings, seeking actual damages," etc.

d. On May 11, 2010 my attorney sent a follow-up letter (**Exhibit D**) to an attorney, Michelle Lyon, counsel for Consumer Recovery Associates, in connection with the undated April demand letter. again requesting documentation for the alleged debt.

e. On May 11 2010, my attorney informed me that he had received a call from an attorney, Michelle Lyon,

---

[1] Declaration of James Fox, page 2, paragraph 5.

2

72  f. On May 11, 2010, my attorney made a follow-up call to Michelle Lyon by phone,
73  and discussed the undated April letter.
74  g. May 11, 2010, Defendant's legal counsel called my attorney and left a message.
75  h. On May 12, 2010 my attorney again contacted Michelle Lyon, who said she
76  would get back to us.
77  i. On May 13, 2010 my attorney again conferred by phone with Michelle Lyon.
78  j. Again on May 13, telephone conference, no results.
79  k. On May 24, 2010, my attorney left a message with Michelle Lyon.
80  l. On May 25, 2010, my attorney left another message with Michelle Lyon.
81  m. On May 26, 2010, my attorney reported he had received another telephone
82  message from Ms. Lyon returning his call.
83  n. On May 26 2010 my attorney again left a message with Ms. Lyon.
84  o. On June 8, 2010 my attorney received a message from a "Mr. Sessions" on
85  behalf of M. Lyon. My attorney also faxed to him a copy of the April 29 letter my
86  attorney previously sent to CRA.[2]
87  p. On November 12, 2010, March 5, 2011, August 19 2011, and February 3, 2912,
88  my attorney faxed letters to CRA.
89  q. On July 10, 2012 my attorney sent a follow up letter (**Exhibit E**) to K.C. Scott
90  addressed to the "Recovery Department" Consumer Recovery Associates again
91  requesting documentation for the alleged debt, or in the alternative, damages of $25,000.
92  r. On February 5, 2013, my attorney again sent a follow-up letter to K.C. Scott
93  addressed to the "Recovery Department" Consumer Recovery Associates (**Exhibit F**)
94  begging some reply from the Defendant, and suggesting Plaintiff may have to "review
95  other options in this matter if you remain silent."
96  s. On May 7, 2014 Defendant Dynamic Recovery Solutions sent me a letter
97  suggesting "settlement" without disclosure that the statute to commence civil action to
98  collect the alleged debt had expired. The letter (Exhibit G) stated "You Currently Owe
99  $39,969.99," and stated "Our office will allow you to settle your account for
100 $13,989.50." The letter also states "If you dispute the validity of the debt or any portion

---

[2] I am informed and believe that Mr. Sessions was later determined to be CRA counsel in 2014, as well.

ver. 08/04/14

thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification."

t. In reply, on June 4, 2014 my attorney sent a letter to Accelerated Financial Solutions, dba Dynamic Recovery Solutions (**Exhibit H**) which, among other things, disputed the debt. In fact this company has never provided me with either verification, or a judgment.

6. I have never received any information or notice of how or when this alleged "account" became transferred from Consumer Recovery Associates into the possession of Accelerated Financial Services, dba Dynamic Recovery Solutions.

7. Not having received any reply to correspondence repeatedly sent by my attorney to Consumer Recovery Associates, I assumed they had deleted the alleged account and that no further action would be directed to me in connection with such account.

I declare that the statements herein are based on my personal knowledge and are true and correct, except as to those matters on information and belief, and as to those matters I believe them to be true, at Dublin, California, on Dated: _____04/28/2015_____


_____/s/_____
Nancy Finley