Damian P. Richard, Esq. (SBN 262805)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
drichard@sessions-law.biz
dkirkpatrick@sessions-law.biz

Attorneys for Defendant Consumer Recovery Associates, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY H. FINLEY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DYNAMIC RECOVERY SOLUTIONS, ACCELERATED FINANCIAL SOLUTIONS, CONSUMER RECOVERY ASSOCIATES, LLC and Does 1 through 10<br><br>　　　　　　Defendants. | Case No.  14-cv-04028-TEH<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>Date: June 1, 2015<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Hon. Thelton E. Henderson |

TABLE OF CONTENTS

I. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Plaintiff Raises N0 Genuine Dispute As To Any Material Fact. . . . . . . . 3

    A. No Debt Collection Activity by CRA Since April 2010. . . . . . . . . . . . 3

    B. Plaintiff's New "Facts" Are Immaterial . . . . . . . . . . . . . . . . . . . . . 4

    C. Plaintiff's New "Facts" Do Not Support Liability. . . . . . . . . . . . . . . .5

III. Equitable Tolling Is Inapplicable. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV. The Doctrine of "Continuing Wrong" is Inapplicable. . . . . . . . . . . . . . 11

V. Plaintiff Has Not Met the Requirements of Rule 56(d). . . . . . . . . . . . . 12

VI. Plaintiff Did Not Oppose Summary Judgment As To
The Rosenthal Act, CFBDPA, or CUCL Claims. . . . . . . . . . . . . . . . . . 12

VII. Procedural and Evidentiary Objections. . . . . . . . . . . . . . . . . . . . . . .13

VIII. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Statutes/Rules**

15 U.S.C. § 1692, *et seq.* ........................................................... passim

Cal. Civ. Code § 1788.30 .................................................................. 13

Cal. Civ. Code § 1788.62(f) ............................................................... 13

Cal. Civ. Code § 1788.50(d) .............................................................. 13

**Cases**

*Irwin v. Dep't of Veterans Affairs,*
498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ........................ 9

*Joseph v. J.J. Mac Intyre Companies, L.L.C.,*
281 F.Supp.2d 1156 (N.D.Cal.2003) .............................................. 11

*Magnum v. Action Collection Serv., Inc.,*
575 F.3d 935 (9th Cir.2009) ......................................................... 8, 9

*Naas v. Stolman,* 130 F.3d 892 (9th Cir. 1997) .................................. 9

*Norman–Bloodsaw v. Lawrence Berkeley Lab.,*
135 F.3d 1260 (9th Cir.1998) ........................................................... 8

*Perretta v. Capital Acquisition & Mgmt. Co.,*
2003 WL 21383757 (N.D. Cal. May 5, 2003) .................................. 6

*Sosa v. Utah Loan Servicing, LLC,*
2014 WL 173522 (S.D. Cal Jan. 10, 2014) ..................................... 12

*Stoll v. Runyon,*
165 F.3d 1238 (9th Cir.1999) ........................................................... 9

*Wasco Prods., Inc. v. Southwall Techs., Inc.,*
435 F3.d 989 (9th Cir. 2006) ............................................................ 3

*Wilson v. Gordon & Wong Law Group, P.C.*,
2013 WL 6858975 (E.D. Cal. Dec. 24, 2013)..................................10

Damian P. Richard, Esq. (SBN 262805)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
drichard@sessions-law.biz
dkirkpatrick@sessions-law.biz

Attorneys for Defendant Consumer Recovery Associates, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NANCY H. FINLEY, | ) Case No. 14-cv-04028-TEH |
|---|---|
| Plaintiff, | ) |
| vs. | ) DEFENDANT'S REPLY TO |
|  | ) PLAINTIFF'S OPPOSITION TO |
| DYNAMIC RECOVERY SOLUTIONS, ACCELERATED FINANCIAL SOLUTIONS, CONSUMER RECOVERY ASSOCIATES, LLC and Does 1 through 10 | ) MOTION FOR SUMMARY JUDGMENT |
|  | ) Date: June 1, 2015 |
|  | ) Time: 10:00 a.m. |
|  | ) Courtroom: 2 |
|  | ) Hon. Thelton E. Henderson |
| Defendants. | ) |

Defendant, Consumer Recovery Associates, LLC ("CRA"), submits the following reply to Plaintiff's opposition[1] to CRA's motion for summary judgment.

---

[1] Plaintiff termed her opposition a "reply." It will be referred to herein as the opposition.

## I. Introduction

The undisputed and inescapable fact is that CRA undertook no collection efforts with respect to Plaintiff's account – in fact made no effort to communicate with her – since *over 4 years* before this lawsuit was filed. To the extent Plaintiff had a claim against CRA, as her attorney contended as far back as April 29, 2010 in his settlement demand letter, that claim was lost due to her failure to file a lawsuit against CRA to assert the claim in a timely manner.

The one-year statute of limitations applicable to the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") claims expired in April 2011. The theories of "equitable tolling" and "continuing wrong" simply do not apply. Plaintiff sat on her rights and it is now too late to pursue these claims against CRA.

Moreover, the California Fair Debt Buying Practices Act ("CFDBPA) claim does not apply to CRA because it is undisputed that CRA did not buy Plaintiff's account. Declaration of J. Fox (Docket 27-1) ("Fox Decl."), ¶ 7. The account was purchased by co-defendant Accelerated Financial Solutions ("AFS") in January 2010 and merely placed with CRA for collection in March 2010. Fox Decl., ¶ 4; Declaration of Anthony Stile (Docket 35-1) ("Stile Decl."), ¶ 5. CRA ceased collection efforts on May 4, 2010. Fox Decl., ¶¶ 5-6. It is clear that AFS continued to own the account at all times relevant as AFS subsequently placed the

debt for collection with co-defendant Dynamic Recovery Solutions in January 2014. Stile Decl., ¶ 6.

Finally, the California Unfair Competition Law ("CUCL") claim fails because there is no violation of the FDCPA, Rosenthal Act and/or CFDBPA on which to predicate the CUCL claim. CRA respectfully moves this Court to enter judgment dismissing CRA from this action with prejudice.

## II. Plaintiff Raises No Genuine Dispute As To Any Material Fact

Plaintiff seeks to rely on "facts" not stated in her Complaint in order to defeat summary judgment. This effort should be rejected because a party cannot oppose summary judgment by raising grounds not in issue under the pleadings. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006). Moreover, Plaintiff's description of new information that she would purportedly add to an amended Complaint shows that she cannot raise a genuine dispute as to any material fact.

### A. No Debt Collection Activity By CRA Since April 2010

It is undisputed that CRA had no communication with Plaintiff, did not attempt to communicate with her, and undertook no collection efforts relating to her account *since April 2010*. Nonetheless, Plaintiff contends CRA is liable under the FDCPA because it purportedly failed to communicate certain information to co-defendants Accelerated Financial Solutions and/or Dynamic Recovery

Solutions. Plaintiff cites no authority whatsoever for this theory of FDCPA liability and none could be found. All of the alleged "facts" in support are therefore immaterial to this case.

### B.   Plaintiff's New "Facts" Are Immaterial

In summary, Plaintiff contends CRA failed to communicate to co-defendants that Plaintiff disputed her debt and that she requested future communications be made through her attorney. Plaintiff also contends CRA failed to communicate to co-defendants the "legal status" of the debt. These factual allegations are based on Plaintiff's speculation as to what occurred and she offers no evidence to support them. Even if true, however, these factual allegations are immaterial because they cannot support Plaintiff's claims under the FDCPA.

Plaintiff also tries to raise a disputed issue concerning CRA's ownership of the account but is unable to offer any competent evidence in this regard. The facts are undisputed that CRA did not own Plaintiff's account. Fox Decl., ¶ 7. At all times relevant, the account was owned by Accelerated Financial Solutions. Stile Decl., ¶¶ 5-6 (stating AFS purchased the account in January 2010 and placed it with co-defendant Dynamic Recovery Solutions in January 2014). Ultimately, the ownership of Plaintiff's account is not material to Plaintiff's FDCPA or Rosenthal Act claims because the facts are undisputed that CRA had no communications with Plaintiff since April 2010.

### C. Plaintiff's New "Facts" Do Not Support Liability

From these alleged facts, Plaintiff contends CRA failed to comply with various code sections of the FDCPA.

Section 1692e(1)[2]: Based on the contention that the account was transferred from CRA to other defendants "without including any evidence of the legal status of the debt" Plaintiff claims CRA violated § 1692e(1)."[3] The undisputed evidence shows that AFS, the owner of Plaintiff's account, placed the account with CRA for collection in March 2010. Plaintiff offers no explanation of how the legal status of the debt changed while it was placed with CRA such that CRA would have information to disclose to AFS of which AFS was not already aware. Moreover, § 1692e(1) does not address in any manner the "legal status" of debt.

Section 1692e(2)(A)[4]: Based on the contention that CRA transferred the account to co-defendants without indicating "the statute of limitations for commencing a lawsuit against the debtor to collect the debt, had expired," Plaintiff claims CRA violated § 1692e(2)(A) "by misrepresenting the 'legal status' of the

---

[2] Section 1692(e)(1) prohibits: "The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

[3] Opposition (Docket No. 28), p. 4.

[4] Section 1692e(2)(A) prohibits: "(2) The false representation of -- (A) the character, amount, or legal status of any debt."

claim . . . to a third party."[5] This contention is untenable for several reasons: *First*, plaintiff states in the Complaint that the statute of limitation would have run as early as 2005.[6] Therefore, the legal status of the debt with respect to the statute of limitations was unchanged throughout the time period of CRA's collection efforts in 2010. *Second*, Plaintiff identifies no authority for the proposition that liability can result under § 1692e(A)(2) from a debt collector's purported failure to communicate information of any kind to a creditor or other debt collector. The purpose of § 1692e(A)(2) is clearly to prevent false or misleading representations *to the consumer* concerning the character, amount, or legal status of the debt. *Third*, it is not a violation of the FDCPA to collect a debt on which the statute of limitations to file a debt collection action has run provided no threat of litigation is made. *Perretta v. Capital Acquisition & Mgmt. Co.*, 2003 WL 21383757, *4 (N.D. Cal. May 5, 2003)(collecting cases so holding). No threat of litigation is alleged.

Section 1692e(8)[7]: Plaintiff contends that "by not communicating to [co-defendants] that Plaintiff disputed the debt," CRA violated § 1692e(8)."[8] Section

---

[5] Opposition (Docket No. 28), p. 4.

[6] Complaint, ¶¶ 14.c.; 18.

[7] Section 1692(e)(8) prohibits: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

1692e(8) relates to "credit information," and has been interpreted as applying to information furnished to credit reporting agencies. Plaintiff offers no authority for the proposition that § 1692(e)(8) has application in the context of communications (or failures to communicate) between a debt collector and a creditor concerning a debt the creditor has placed with the collector. Research by the undersigned revealed no such authority.

Finally, plaintiff contends CRA "transferred" the account without conveying the information that "Plaintiff demanded, on April 29, 2010, that all future communications be directed to her attorney."[9] Plaintiff identifies no authority imposing FDCPA liability based on these purported facts.

In summary, Plaintiff's new theory of liability, which turns on allegations that CRA did not convey certain information to co-defendants, is undermined by the fundamental structure of the FDCPA. The statute requires each debt collector, within 5 days of initial communication with a consumer, to provide written notice to the consumer that, among other information, advises he has a right to dispute the validity of the debt. 15 U.S.C. § 1692g. This demonstrates that the statutory scheme implemented by the FDCPA does not rely on one collector to convey

---

[8] Opposition (Docket No. 28), p. 4.
[9] Opposition (Docket No. 28), p. 4.

information it may have obtained from a consumer to another collector or even to the creditor. Rather, each collector is required to "start fresh" with the consumer by giving notice of the debt and the opportunity to dispute its validity.

### III.  Equitable Tolling Is Inapplicable

An FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). As a general rule, "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Magnum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir.2009) (quoting *Norman–Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir.1998)) (internal quotation marks omitted).

The only conduct by CRA at issue in the Complaint is that "[o]n a date unknown in 2009 or 2010, defendant CRA [] sent a letter demanding $32,593" and that "[at] a date sometime in April, 2010, defendant CRA sent another letter demanding $32,593."[10] When the alleged violation relates to a collection letter, the statute of limitations begins to run when the collection letter is mailed. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). "[B]ecause the mailing date was the debt collector's last opportunity to comply with the [Act]" the mailing of the letter triggers section 1692k(d). *Id.* Here, the statute of limitations under section

---

[10] Complaint, ¶¶ 10(l)-(m).

1692k(d) ran on April 12, 2011. *See* Fox Decl., ¶ 5 (collection letter mailed April 12, 2010).

The Ninth Circuit has held that equitable tolling is applicable to the FDCPA. *Magnum, supra,* 575 F.3d at 939-40. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir.1999). Equitable tolling is extended "only sparingly" by the courts, and it is generally awarded in two situations: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Neither on of these situations is present here. Although Plaintiff's counsel purportedly articulated alleged violations of the FDCPA in his April 29, 2010 demand letter to CRA, demanded settlement, and threatened legal action, Plaintiff took no action to pursue judicial remedies within the statutory period. Nothing prevented Plaintiff from filing a legal action as she had threatened to do. She was not "induced" or "tricked" by CRA's conduct into allowing the deadline to pass. In fact, it is undisputed that CRA had no communications at all with Plaintiff after

Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment

9

sending its initial collection letter. (Plaintiff contends her attorney followed up no less than 5 times[11] without ever receiving a response from CRA.)

Courts will not apply equitable tolling in situations in which the plaintiff has the information necessary for the filing of a claim and does not do so. *Wilson v. Gordon & Wong Law Group, P.C.*, 2013 WL 6858975 (E.D. Cal. Dec. 24, 2013). In *Wilson*, the court found "Plaintiffs' continued reliance on Defendant's representations of settlement, as well as Plaintiffs' counsel's failure to file action to protect their clients' interests, [was] unreasonable. Rather than suggesting that Defendant 'tricked' Plaintiffs, these facts indicate that Plaintiffs' counsel acted naively, and even foolishly, by allowing the filing deadline to pass." *Id.*, at *6.

Plaintiff was fully aware of all claims arising from the April 2010 letter at the time her attorney wrote his April 29, 2010 demand letter. There is no other basis for liability as to CRA. Plaintiff simply elected not to pursue the claims and there is no reason in equity to allow this late filed claim. Plaintiff has not shown and cannot show that extraordinary circumstances or wrongful conduct by CRA prevented her from bringing her claim in a timely manner, making equitable tolling inapplicable.

## IV. The Doctrine of "Continuing Wrong" is Inapplicable

Courts have held that the "continuing violation" doctrine applies to debt

---

[11] Complaint, ¶15

collection claims under appropriate circumstances to permit recovery for actions outside the limitations period if they are sufficiently linked to unlawful conduct within the limitations period. *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D.Cal.2003). "The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." *Id.*, at 1161. "If there is a pattern, then the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA, and the entire course of conduct is at issue." *Id.* (citation and internal quotation marks omitted).

The "continuing violation" theory is inapplicable here because the actions of CRA in 2010 are unrelated to the actions of other debt collectors who handled plaintiff's account before or after it was placed with CRA, including co-defendant Dynamic Recovery Solutions which is alleged to have sent Plaintiff a collection letter in 2014. The conduct alleged as to CRA is that it sent a collection letter in 2010. The conduct alleged as to co-defendants is that they sent a collection letter in 2014. Not only are these activities remote in time, they are also discrete acts by unrelated parties. Plaintiff cites no authority for the proposition that the doctrine of a "continuing wrong" can be grounded on the conduct of different parties rather than a single defendant. This is simply not the "continuing pattern" or "course of

conduct" to which the "continuing violation" doctrine applies. *See Sosa v. Utah Loan Servicing, LLC*, 2014 WL 173522, *4-5 (S.D. Cal Jan. 10, 2014).

### V. Plaintiff Has Not Met The Requirements of Rule 56(d)

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer considering the motion or deny it, or take other action. While Plaintiff states CRA's motion should be continued for 90-120 days to allow her to conduct discovery and file an amended complaint, Plaintiff has failed to show by declaration or affidavit why she believes she needs more evidence. Additional discovery would not be productive because Plaintiff's new theories of liability lack merit and the purported "facts" on which they are based are therefore immaterial. It is undisputed that CRA has had no communications with plaintiff since April 2010. No amount of additional discovery can help plaintiff to overcome the fact that her claims are time-barred.

### VI. Plaintiff Did Not Oppose Summary Judgment As To The Rosenthal Act, CFDBPA, or CUCL Claims

Plaintiff's opposition does not address in any manner CRA's motion for summary judgment as to the Rosenthal Act claim, the CFDBPA claim, or the CUCL claim. For the reasons set forth above as to the FDCPA claim, CRA's motion should be granted as to the Rosenthal Act claims which are also subject to

a one-year statute of limitations. Cal. Civ. Code § 1788.30. The CFDBPA also has a one-year limitations period. Cal. Civ. Code § 1788.62(f). Moreover, the statute is inapplicable to CRA because it applies to "debt buyers" with respect to consumer debt sold or resold on or after January 1, 2014. Cal. Civ. Code § 1788.50(d). CRA did not buy Plaintiff's account. Fox Decl., ¶ 7; Stile Decl., ¶ 5. Finally, to the extent the CUCL claim is predicated on the alleged violations of the FDCPA, Rosenthal and/or the CFDPBA, it fails because the underlying claims all fail as demonstrated above.

## VII. Procedural and Evidentiary Objections

CRA objects to the untimely filing/service of Plaintiff's exhibits in support of her opposition to CRA's motion. CRA's motion was filed April 15, 2015, making opposition due April 29, 2015. L.R. 7-3(a). On April 28, 2015, Plaintiff filed her opposition which references nine exhibits, none of which were filed or served with the opposition. CRA's reply is due May 6, 2015. L.R. 7-3(c). As of May 6, 2015, Plaintiff had not filed or served any of the exhibits referenced in her opposition.

CRA objects to the Declaration of Nancy Finley (Docket 29) on the following grounds:

1.  The Declaration is not signed. The Declaration therefore lacks authentication by the purported declarant. Fed. R. Evid. 901.

2.    Plaintiff attests to matters outside her personal knowledge concerning activities by her attorney, at paragraphs 5.c., 5.d., and 5.f. through 5.r.  Lack of foundation. Fed. R. Evid. 901. Lack of personal knowledge. Fed. R. Evid. 602.

3.    At paragraph 5.b., Plaintiff quotes from a letter referenced as Exhibit A (not attached to the Declaration), and the quoted content is offered for the truth of the proposition that CRA is the owner of the subject debt.  These out-of-court statements constitute inadmissible hearsay.  Fed. R. Evid. 801, 802.

4.    The Declaration refers to exhibits for which the declarant lacks personal knowledge, at paragraphs 5.c. (Exhibit B), 5.d, (Exhibit D), 5.q. (Exhibit E), 5.r. (Exhibit F).   Lack of authentication/foundation.  Fed. R. Evid. 901. Lack of personal knowledge.  Fed. R. Evid. 602.  The contents of Exhibits B, D, E and F are out of court statements improperly being offered for the truth of what they assert. Hearsay. Fed. R. Evid. 801, 802.

5.    The Declaration refers to attached exhibits A, B, D, E, F and H which are not attached to the Declaration and were not filed or served.  Lack of authentication/foundation.  Fed. R. Evid. 901.

CRA objects to the Declaration of Morgan King (Docket 30) on the following grounds:

1.    Mr. King attests to matters outside his personal knowledge concerning the activities of Plaintiff and/or Defendants, at paragraphs 4, and 12

through 15. Lack of foundation. Fed. R. Evid. 901. Lack of personal knowledge. Fed. R. Evid. 602.

2. The Declaration refers to an exhibit for which the declarant lacks personal knowledge, at paragraph 4 (Exhibit A). Lack of authentication/foundation. Fed. R. Evid. 901. Lack of personal knowledge. Fed. R. Evid. 602.

3. The Declaration refers to attached exhibits A through I which are not attached to the Declaration and were not filed or served. Lack of authentication/foundation. Fed. R. Evid. 901.

## VIII. Conclusion

For all the reasons set forth above, the Complaint fails to assert a viable claim against CRA as a matter of law, and CRA respectfully moves this Court to dismiss the Complaint as to CRA with prejudice.

Dated: 5/6/15                    SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.

                                 /s/Debbie P. Kirkpatrick
                                 Debbie P. Kirkpatrick
                                 Attorney for Defendant
                                 Consumer Recovery Associates, LLC