UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY H. FINLEY,<br><br>            Plaintiff,<br><br>     v.<br><br>DYNAMIC RECOVERY SOLUTIONS LLC, et al.,<br><br>            Defendants. | Case No. 14-cv-04028-TEH<br><br>**ORDER VACATING HEARING, PERMITTING FURTHER DISCOVERY, AND SETTING CASE MANAGEMENT CONFERENCE** |

This matter is before the Court on Defendant Consumer Recovery Associates' ("CRA's") motion for summary judgment, currently set for hearing on June 1, 2015. Mot. at 1 (Docket No. 27). In her opposition, Plaintiff argues that the hearing on the motion should be continued in order to allow her conduct additional discovery that might reveal evidence of communications between CRA and third parties, in which CRA may have omitted the fact that Plaintiff disputed her debt. Opp'n at 1, 4, 17 (Docket No. 28). CRA argues that any such evidence would be immaterial, because the relevant section of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8), only applies to "credit information," and in any event, that Plaintiff has not met the requirements of Federal Rule of Civil Procedure 56(d). Reply at 7, 12 (Docket No. 36).

The Court cannot conclude, based on the papers submitted, that such additional evidence would be immaterial. The statute imposes liability for the following actions of a debt collector, among other things: "Communicating or threatening to communicate to *any person* credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added). Plaintiff has provided some authority for the proposition that this provision applies to communications from a debt collector to a third party who is not a credit reporting agency. Opp'n at 13 (citing *Plummer v. Atl. Credit Fin., Inc.*, --- F. Supp. 3d ---, 2014 WL 6969546, at *5 (S.D.N.Y. Dec. 8, 2014)). Indeed, the phrase "any

person" bears such an interpretation. Accordingly, evidence showing that CRA failed to communicate information that it was required to communicate would be material to Plaintiff's Fair Debt Collection Practices Act claims. Further discovery will also provide more information as to the application of the statute of limitations to Plaintiff's claims.

The Court views Plaintiff's argument in her opposition as a Rule 56(d) motion to continue the hearing. Although Plaintiff should have stated with more particularity, in an affidavit or declaration, the "specified reasons" that more discovery is required, the need for such discovery is apparent from the papers. Rather than decide a motion for summary judgment on an incomplete record, the better course of action in this case is to conduct additional discovery on the narrow question identified above. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).

Accordingly, the June 1, 2015 hearing on CRA's motion for summary judgment is VACATED. Plaintiff shall have 45 days to conduct discovery regarding CRA's communications to third parties as relevant to the pending motion. A case management conference regarding the status of Plaintiff's discovery shall be held on **June 22, 2015, at 1:30 PM**. The parties shall submit a joint statement no later than seven days in advance of the case management conference, setting forth in detail the status of discovery on this issue and proposing a further schedule on CRA's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: 05/07/15  _____
THELTON E. HENDERSON
United States District Judge