MORGAN D. KING Bar # 050887
Attorney & Counselor at Law
P.O. Box 2952
Dublin, CA 94568
Tel 925 829-6363
Fax 925 829-8724
Morgan@MorganKing.com
Attorney for Plaintiff Nancy Finley

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF California

SAN FRANCISCO DIVISION

| | |
|---|---|
| NANCY H. FINLEY,<br><br>    Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, ACCELERATED FINANCIAL SOLUTIONS, CONSUMER RECOVERY ASSOCIATES, LLC, ) and Does 1 through 10<br><br>    Defendants<br>_____ | No: 3:14-cv-04028-TEH<br><br>**PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT BY DYNAMIC RECOVERY ASSOCIATES**<br><br>Date: June 8 2015<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Hon. Thelton E. Henderson |

## CASES CITED

*Canham v. Fair Collection & Outsourcing* _ (N.D. Ill. 2014). ........................................................... 11
*Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1177 (9th Cir. 2006). ................ 5
*Elde v. Colltech* 987 F. Supp. 2d 951 (D. Minn. 2013). ................................................................. 11
*Engelen v. Erin Capital Mgmt., LLC* (9th Cir., 2013) ..................................................................... 5
*McCollough v. Johnson* 637 F.3d 939 (9th Cir. 2011). ................................................................ 11
*Reichert v. National Credit Systems, Inc.* 531 F.3d 1002 (9th Cir. 2008) ..................................... 11
*Reichert v. National Credit Systems, Inc.* 531 F.3d 1002 (9th Cir. 2008) ....................................... 5
*Reichert v. National Credit Systems, Inc.* 531 F.3d 1002 (9th Cir. 2008) ....................................... 6

## EXHIBITS

Exh. h King letter to Accelerated and Dynamic dated June 4 2014 ................................................ 3
Exh. J Dynamic dunning letter to plaintiff May 7 2014 ............................................................. 5, 8
Exh. M Web page of Bates ............................................................................................................. 7
Exh. N Web page of William Lowry ............................................................................................. 9
Exh. C Consumer Recovery Associates history of account (1 page) ......................................... 3, 9
Exh. i  Dynamic Recovery Solutions history of account (6 pages) ............................................ 2, 9
Exhibit C Consumer Recovery Associates history of account (1 page) ........................................ 3
Exhibit J Dynamic dunning letter to plaintiff May 7 2014 ......................................................... 8, 9

Exhibit K Email messages from Dynamic (Brad Echols) ................................................................ 3
Exhibit L Web page of William Brady ........................................................................................... 7

Because many of the legal issues and facts that apply in this case are to some extent duplicated and overlap the other two defendants' cases, in the interest of efficiency the Plaintiff incorporates herein by reference the information, including law and case citations, expressed in her Memorandum in Response to Motion for Summary Judgment by Consumer Recovery Associates, as well as the factual representations contained in her Declarations filed in support of her opposition to the Consumer Recovery Associates' motion.

## INTRODUCTION

Defendant Dynamic Recovery Associates ("Dynamic") moves for summary judgment based primarily on its ostensible lack of "actual knowledge" of the status of Plaintiff's alleged debt account, and distancing itself from the defendant Accelerated Financial Solutions ("Accelerated"). The Defendant's theory is that to be liable under the FDCPA the defendant Dynamic must have had "actual knowledge" of the legal status of the account, including the expiration of the statute of limitations for collection of the debt, the Plaintiff's notice to direct all communications to her attorney, the fact that the debt was disputed, and the explicit threat that the Defendant could and would place a negative item on the Plaintiff's credit report notwithstanding that the limitations period of 7 years had expired.[1]

## CORRECTIONS OF FACTUAL ERRORS

The declaration of Dynamic CEO Mike Porter offered in support of the Motion for Summary Judgment, and the 6 pages of Dynamic's account history (Exh. i) are the only "evidence" so far submitted by the defendant.

**Factual errors in Mr. Porter's declaration**:

Mistake: The declaration states that the "essence" of the Plaintiff's case is that collectors contacted her during the period between in an effort to collection the debt.

This is incorrect – the Plaintiff does not claim that debt collectors contacted her after 2010 and before 2014.

---

[1] The credit report issue, addressed below, is a recently identified matter that will appear in an Amended Complaint by the Plaintiff.

Mistake: The declaration states that except for one letter sent by the Defendant dated May 7, 2014, there were no further communications between Dynamic and the Plaintiff or Plaintiff's counsel.

This is incorrect – the Defendant's own record of contacts[2] between Dynamic and Plaintiff shows: they attempted to contact the Plaintiff by <u>phone</u> at least 10 times, on:

**Phone calls from Defendant:**

- March 8 2014 – Defendant left message
- March 12 2014 – Defendant left message
- March 19 2014 – Defendant left message
- March 26 2014 – Defendant left message
- April 16 2014 – Defendant left message
- April 18 2014 – Defendant left message
- April 19 2014 – no message left
- May 7, 2014 – Dunning letter sent
- May 30 2014 – Plaintiff hung up on answering
- June 7 2014 – Defendant left message

**E-mail messages from Defendant:**

In addition, following Plaintiff's counsel's letter to Dynamic dated June 4 (Exh. "h"), Plaintiff's counsel received a series of email messages from a Chad Echols, Esq., who was identified as "represents Dynamic Recovery Solutions" and who Plaintiff is informed and believes also represents Accelerated.[3] This was followed by an exchange of 8 email messages between Plaintiff's counsel and Echols, as follows:

- June 16 2014 - Contacting Plaintiff counsel "on behalf of" DRS
- June 20 2014 - Echols says he is trying to set up a meeting with Plaintiff's counsel.
- June 20 2014 – a second message re setting up a conference.
- June 20 2014 – a third message about the person sending the messages for Mr. Echols

---

[2] Exhibit "C offered in Plaintiff's response to Motion For Summary Judgment by Consumer Recovery Associates.
[3] See Exhibit "K" attached to Declaration of Morgan King filed in connection with Plaintiff's Response to this motion for summary judgment.

- 3 –

- June 20 2014 – a fourth message that Chad Echols is on vacation.
- June 20 2014 – Plaintiff's counsel replies to Echols' messages.
- June 23 2014 – Echols replies to Counsel's suggestions about a phone conference.
- August 21 2014 – Message from Echols re he received the date of filing the complaint, and he would prepare an answer, and again suggesting that Counsel and he confer by phone.
- June 7 2014 – left message

The essence of this exchange of e-mail messages is that Brad Nichols never seemed to have a convenient date to confer with Plaintiff's counsel.

None of the phone calls or email messages are identified in the Defendant's declaration of CEO Mike Porter in support of the Dynamic motion. The CEO's failure to acknowledge in his declaration a total of 18 phone and email attempts to contact the Plaintiff and/or Plaintiff's counsel from March to July, 2014, suggests that the Defendant has a cavalier attitude with the truth.

**Factual errors in Defendant's memorandum**

The brief filed in support of the motion for summary judgment states " … plaintiff's claim is based on allegations that in the last 13 years she notified the creditor and a string of debt collection agencies that she was represented by an attorney."

<u>This is incorrect</u> – Just the opposite – Plaintiff alleged that over a period of 13 years 10 different <u>debt collectors, including the defendants, waged a relentless stream of harassing calls and letters</u> targeted at her. Complaint, page 3, paragraph ¶ 10.

As to the period from the end of 2010 to early 2014 there is alleged no contact from any collection agency. This was a short-lived respite.

## ARGUMENT
## THE "BONA FIDE ERROR" DEFENSE

In its memorandum filed in support of its motion for summary judgment, Dynamic, through the declaration filed by its CEO Mike Porter, addresses the FDCPA issue, and brushes it off by asserting that in order for the Plaintiff to state a cause of action based on that statute, it must be shown that the Defendant had "actual knowledge" of the critical information, such as the fact that the Debtor is represented by counsel, the legal status of the alleged debt, and the

- 4 –

expiration of the credit reporting statute, when it mailed its dunning letter May 7 2014).[4] (Exh. "J)

This is, in effect, the "innocent mistake" or "bona fide error" defense based on 15 U.S.C. § 1692k(c).

The Act provides, *inter alia*:

<u>(c) Intent</u>

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was <u>not intentional</u> and resulted from a <u>bona fide error</u> notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. (emphasis added).

Hence, to be credible, this defense requires that the debt collector have and actually execute <u>reasonable procedures</u> to <u>prevent errors</u>.

### The "actual knowledge" test is rejected by the 9th Circuit

The requirement that a FDCPA claim requires the debt collector's knowing and intentional conduct is, quite simply, not the law in the 9th Circuit.

The 9th Circuit in *Clark v. Capital Credit & Collection Serv.*, 460 F.3d 1162 (9th Cir., 2006) stated, *inter alia*, "Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c)."

Further, the court in *Reichert v. National Credit Systems, Inc.* 531 F.3d 1002 (9th Cir. 2008) opinion states:

"We have held that a debt collector failed to meet its burden under the defense when it did not produce evidence of 'reasonable preventive procedures' aimed at preventing the error."

And the court in *Engelen v. Erin Capital Mgmt., LLC* (9th Cir., 2013) states:

"The bona fide error defense is a "narrow exception to strict liability under the FDCPA," so defendants bear the burden of proof at summary judgment. Citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006).

*Engelen* continues;

"Because Rosen & Loeb failed to meet its burden of proof as to its entire set of procedures under the bona fide error defense, it was not entitled to summary judgment. The evidence presented is such that "a reasonable jury could return a verdict" for Engelen."

---

[4] Dynamic declaration by CEO by Mike Porter in support of summary judgment, page 5 lines 12-28.

An examination of the evidence offered by Dynamic to date to establish and follow a reasonable procedure to prevent the mistakes alleged by the Plaintiff in her complaint demonstrates it is devoid of any relevant or material information that is required for the "innocent mistake" or "bona fide error" defense. The only evidentiary document offered in support of their motion is the declaration by the Dynamic CEO Mike Porter, which does not include or even suggest that there are any reasonable procedures to help them avoid the mistakes alleged by the Plaintiff.

## BURDEN OF PROOF

Defendant's memorandum appears to place the *burden of proof* on the *consumer* to prove that the debt collector had "actual knowledge" or intent of the critical information. The Dynamic brief says this is the law in the 9th Circuit. The brief cites two cases, neither of which is a 9th circuit case.

This is, quite simply, not the law in the 9th Circuit.

The 9th Circuit has pronounced that the innocent mistake defense is an "affirmative" defense for which the <u>burden is on the debt collector</u>. *Reichert v. National Credit Systems, Inc*. 531 F.3d 1002 (9th Cir. 2008). Further, the *Reichert* opinion states "The defense requires the defendant to show that it maintains procedures to avoid error." *Reichert*, at 1006.

In fact, the showing as of this date is so inadequate that not only should the court deny the defendant's motion for summary judgment, the court could *sua sponte* simply grant summary judgment for the Plaintiff.

## Is Dynamic only a mere "agent" of Accelerated Financial Solutions?
## Does it Matter?

Another defense apparently promoted in support of their motion for summary judgment is that Dynamic Recovery Associates is, by definition, nothing more than an *agent* and therefore not held to the same standard as the *principal* within the ambit of the FDCPA. In order to establish such a defense it would appear necessary for Dynamic to not fall within the definition of "debt collector." This they cannot do.

The Federal Act defines a debt collector –

"The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

– 6 –

the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[5]

The evidence offered in support of its motion for summary judgment does not deny that the defendant "uses an instrumentality" for the principal purpose of collection of debts, or that Dynamic regularly collects or attempts to collect, debts owed or asserted to be owed or due another (in this case, Accelerated Financial Solutions).

The first factual issue that appears is, was Dynamic only an *agent*, or were they instead a *partner* with Accelerated? Arguably, the difference is that if Dynamic was not a debt collector within the meaning of the Federal or state Acts, and was only an "agent" for Accelerated, it would seem they have a defense based on the general rule that the wrong of the principal (Accelerated) is not imputed to the ostensible agent (Dynamic), and if the agent is not itself a debt collector, it is not subject to FDCPA.

The simple language of 15 U.S.C. ¶ 1692a(6) makes it reasonably clear that Dynamic is a "debt collector" within the meaning of the FDCPA. The dunning letter dated May 7 2014 on Dynamic letterhead from Dynamic states that the "Current Owner is Accelerated Financial Solutions." Exhibit "J" page 1. Presumably, this sets Dynamic apart from the Owner. But the significance of this is obscure. Event if Dynamic is merely collecting a debt on behalf of Accelerated, its identity seems to fit within the definition of a debt collector.

There is a plethora of information evidencing that Dynamic was at all times more than a mere agent of AFR:

An internet search[6] of information about Dynamic produces a web page hosted by something called "Ariba Discovery" that identifies Dynamic as a "… <u>full service, professional debt collection agency.</u>" Exhibit "L."

Another internet search brings up a page (Exh. "M") hosted by something called "Bates Communications" with a headline dated June 15 2011 "Consumer Recovery Associates "partners" with Dynamic Recovery Solutions." This item also describes Dynamic as a "… full service debt collection agency."

Plaintiff is informed and believes that the three defendant entities use the same public relations agent, namely Diane Bates.[7]

---

[5] 15 U.S.C. § 1692a(6).
[6] Information gathered on the Internet is, presumably, not itself admissible evidence, but Plaintiff has no doubt a proper foundation will be found in discovery.
[7] Ms. Bates appears as a contact for more information about both entities.

Plaintiff is informed and believes that the law firm *Sessions, Fishman, Nathan & Isreal* represents each of the defendants in connection with FDCPA matters.

This raises an *alter ego* issue that should be explored.

And looking at the Dynamic Recovery Solutions web site brings up interesting clues about what they do:

As mentioned in this memorandum on page 1-2, Dynamic made thinly veiled threats about Plaintiff's credit report.

The text on the back side of the dunning letter Dynamic sent to the Plaintiff dated May 7 2014 (Exhibit "J") makes an explicit threat to have a negative mark entered on Plaintiff's credit report. As stated above, Defendant suggests it could place a negative item on the Plaintiff's <u>credit report</u> notwithstanding that the limitations period of 7 years <u>had expired</u>.[8]

The text appearing at the top of the back side of Exhibit "J" states:

" … you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter."[9]

The Dynamic web page brags about using threats of negatives on credit reports:[10]

"One significant advantage of using a full service collection agency like Dynamic Recovery Solutions is the agency's reporting capability with the Credit Bureaus."

"Reporting delinquent accounts to Credit Agencies heightens the incentive for a consumer to seek a resolution. In addition, it may legitimize the debt in the eyes of the consumer as well as create the opportunity for the consumer to identify any unpaid bills that may have unknowingly fallen by the wayside."

And Dynamic brags about collecting accounts that reach all the way back to the year 2000 - "Dynamic Recovery Solutions is experienced in collecting late stage debt, with delinquencies dating back to the year 2000."[11]

---

[8] Cal. Civ. Code § 1785.13a(5) and (7). The credit report issue is a recently identified issue that will appear in an Amended Complaint by the Plaintiff.
[9] The front side of the dunning letter is unclear about what time period the back side is referring to. The period could be the time from May 7 to June 15, 2014, or 4 payments starting on June 15, or some other time period.
[10] http://dynamicrecovery.com/services/
[11] http://dynamicrecovery.com/services

- 8 –

**Entry on Credit Report**

Ominously, the 6 pages produced by Dynamic in response to Plaintiff's request for production of documents (Exh. I) , at page 4, appears this text: "02/04/2014 Equifax Credit – old information." This language is repeated on page i-6 (top line). Plaintiff is uncertain whether this means Dynamic entered something on her credit report, or made an inquiry. However, regardless of whether it was an entry or a inquiry, it may have damaged her credit rating. This is still under investigation.

Presumably, many alleged debts going back that far have outlived their respective state statutes of limitations. The above statement from the web site seems to reveal their attitude about time-barred debt. Which may explain why Dynamic sent a dunning letter for a debt whose limitations period had long since expired. And explains why Dynamic employs a "Head of Business Development who advertises his services as including debts for which the statutes of limitations have expired.[12]

**Who knew what and when did they know it?**

Another question arises, what exactly did Dynamic know, or not know? Or, put another way, what information about the Plaintiff's matter did defendant Consumer Recovery Associates ("Consumer") pass on to Accelerated, and thence to Dynamic? The single page account history the Defendant Consumer provided to Plaintiff in response to Plaintiff's request for production of documents (Exh. C) contains an entry dated ?/4?/2010[13] with the text "Changed status Code – C&D – Cease & Desist." Presumably, the status "C&D" means, or plausibly should mean, that the account is closed and not to be transferred or sold to another debt collector down the line. But this status information on Consumer's exhibit does not appear anywhere in the 6 page Dynamic document. Nor did Dynamic CEO Mike Porter's declaration identify this information, which suggests he was either uninformed about it, or he did not consider it important.

Hence, the questions arise, 1) did Consumer neglect to pass this status, or the *reason* for the C&D status, on to the next debt collectors (Accelerated and Dynamic)? 2) or did Consumer pass it on but the information was disregarded by the two other debt collectors in the chain? Plaintiff will argue that Consumer had a duty to pass it on, and

---

[12] A Google search for Dynamic also identifies Dynamic's "head of Business Development and Client Relations" as William Lowery. (Exh. "N). On his Linkedin web page he lists his specialties, among which he lists "Out of Statute Debt," and "Off Bureau Debt." Plaintiff will depose this witness.

[13] Other than the year, the date is obscured on the document.

Dynamic and Accelerated had a duty to process the information. At least one of them failed this duty.[14]

**SUMMARY**

In connection with FDCPA suits the 9th Circuit deliberately adopts a presumption in favor of the debtor:

"Because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer."[15]

This is carried over into construing any motion for summary judgment:

The court must consider the evidentiary record in the light most favorable to the non-moving party and draw all reasonable inferences in their favor.

What little factual information there is currently available to the Plaintiff suggests that other material and relevant evidence may be produced in discovery. <u>Plaintiff requests that the court continue the hearing on this motion to follow the Plaintiff's timely discovery</u>.

A document alluded to by Mr. Porter in his Declaration of Mike Porter is something called "collection services agreement."

The Plaintiff requested production of documents from Dynamic Recovery Associates on April 14. Document request no. 3 requests:

> 3. Any agreements, contracts, or other memoranda in effect between you and the source from which you purchased or otherwise obtained any information in connection with the plaintiff.

This request would certainly include the "collection services agreement" referred to by Mr. Porter. However, Dynamic has not produced this document. This document may contain evidence not only of the relationship between the defendants but information about what information related to the alleged debt was conveyed from the source of the account to Defendant Dynamic or Accelerated. Such evidence may tend to exculpate or inculpate the Defendant Dynamic, or respectively the other defendants, in connection with the FDCPA. It may also indicate what, if any, boilerplate representations are made by the source when the account is assigned to Dynamic. A question arises with regard to the extent to which Dynamic's reliance on representations of the source (Accelerated Financial Solutions) is

---

[14] Which poses a question – does the law firm *Sessions, Fishman, Nathan & Isreal,* which appears to represent all three defendants – have a conflict of interest and should recuse itself from one , or the other?

[15] *Clark v. Capital Credit & Collection Serv.*, at 1176.

reasonable; a debt collector's reliance on the creditor's representations, without more, is unreasonable. *Elde v. Colltech* 987 F. Supp. 2d 951 (D. Minn. 2013).

"In *Reichert,* we held that "[t]he fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes." *McCollough v. Johnson* 637 F.3d 939 (9th Cir. 2011).

Whether reliance on a provider is reasonable required some measure of verification. *Canham v. Fair Collection & Outsourcing*, _ (N.D. Ill. 2014).

Dated: May 11 2014

                                     _____/S/_Morgan D. King_____

                                       MORGAN D. KING,
                                       Attorney for Plaintiff Nancy Finley

                                       Law Offices of Morgan King
                                       P.O. Box 2951
                                       Dublin, CA 94568