UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NANCY H. FINLEY,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS LLC, et al.,

    Defendants.

Case No. 14-cv-04028-TEH

**ORDER RE: JUNE 8, 2015 HEARING**

The parties shall come to the June 8, 2015 hearing prepared to address the following questions.

### **For Plaintiff**

1. On what date did Plaintiff's debt enter default?

2. None of the cases Plaintiff cites for the proposition that the FDCPA is a strict liability offense regard 15 U.S.C. § 1692c(a)(2), which imposes liability only if the debt collector "knows the consumer is represented by an attorney." Why does this provision not distinguish those cases?

3. What additional discovery would you take in order to show that Defendants actually knew Plaintiff was represented by an attorney?

4. Is it your position that DRS is a "debt buyer" under the CFDBPA? If not, then do you oppose granting summary judgment on this claim for DRS?

5. According to the declaration of Anthony Stile, it appears that AFS purchased the debt on January 15, 2010 (not 2014). If this is true, is it still your position that the CFDBPA applies to AFS, given the limitation in Cal. Civ. Code § 1788.50(d)?

6. What precise violations of the CFDBPA does Plaintiff allege against AFS?

//

//

7. It appears that the California Consumer Credit Reporting Agency Act provisions that you raise in your oppositions only apply to consumer credit reporting agencies. Is it your position that Defendants are consumer credit reporting agencies? If not, why would not amendment of the Complaint on this issue be futile?

**For Defendants**

8. Defendants' motions do not discuss Plaintiff's claims under the FDCPA that they failed to provide documents or the identity of the creditor, misrepresented the legal status of her debt, and harassed her, although the second of these is discussed to a limited extent in their replies. If Defendants are challenging these claims, how have they shown that they are entitled to summary judgment on them?

9. It appears that AFS may have acquired Plaintiff's debt while it was in default. If this is true, why is AFS not a "debt collector," under the definition in 15 U.S.C. § 1692a(4) and (6)? *See Suellen v. Mercantile Adjustment Bureau, LLC*, No. 12–cv–00916 NC, 2012 WL 2849651, at *3-4 (N.D. Cal. June 12, 2012).

**IT IS SO ORDERED.**

Dated:   06/04/15                              _____
                                               THELTON E. HENDERSON
                                               United States District Judge

2