UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY H. FINLEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>DYNAMIC RECOVERY SOLUTIONS<br>LLC, et al.,<br><br>                    Defendants. | Case No. 14-cv-04028-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT** |

This matter came before the Court for oral argument on Defendants' motions for summary judgment on June 8, 2015.  The Court has carefully considered the arguments of the parties at the hearing and in the papers submitted, and the motions are now GRANTED IN PART and DENIED IN PART for the reasons set forth below.

**BACKGROUND**

In June of 2001, banks and debt collectors started contacting Plaintiff Nancy Finley ("Plaintiff") regarding a debt she owed of approximately $18,000.  Compl. at ¶ 10 (Docket No. 1-1).  California's four-year statute of limitations for Plaintiff's debt appears to have run sometime in 2004 or 2005.  *Id.* at ¶¶ 17, 18.  Nonetheless, debt collection agencies continued to contact Plaintiff, off and on, for almost ten years after the statute of limitations expired.  *Id.* at ¶ 10.

On January 15, 2010, Defendant Accelerated Financial Solutions ("Accelerated") purchased Plaintiff's debt.  Stile Decl. at ¶ 5 (Docket No. 35-1).  Also, sometime in April of 2010, Plaintiff received a letter from Defendant Consumer Recovery Associates ("Consumer"), requesting repayment of the debt.  Compl. at ¶ 10(m).  Plaintiff's counsel sent a letter to Consumer on April 29, 2010, notifying Consumer that Plaintiff was represented by counsel and making other demands.  *Id.* at ¶ 14.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sometime between January 27 and February 4, 2014, Accelerated opened an account with Defendant Dynamic Recovery Solutions ("Dynamic") for the purposes of collecting Plaintiff's debt.  Stile Decl. at ¶ 6; Porter Decl. at ¶ 5 (Docket No. 34-1).  On May 7, 2014, Dynamic sent a debt collection letter to Plaintiff, requesting payment of $39,969.99.  Ex. J to King Decl. (Docket No. 47).  The collection letter offered to "settle [Plaintiff's] account" under various payment plan arrangements.  *Id.*

Plaintiff also alleges that Dynamic called her approximately nine times between March 8, 2014, and June 7, 2014.  Opp'n to Dynamic Mot. at 3 (Docket No. 44).

Plaintiff brought suit in August of 2014 against Defendants Accelerated, Dynamic, and Consumer, alleging violations of the federal Fair Debt Collection Practices Act, the California Rosenthal Act, the California Fair Debt Buying Practices Act, and the California Unfair Competition Law.  Compl. at ¶¶ 28-49.  Defendants Accelerated and Dynamic now move for summary judgment on all of Plaintiff's claims against them.  Accelerated Mot. at 2 (Docket No. 35); Dynamic Mot. at 2 (Docket No. 34).

Defendant Consumer separately moved for summary judgment based on the expiration of the statute of limitations for Plaintiff's claims against it.  Consumer Mot. at 2 (Docket No. 27).  The Court vacated the hearing on that motion to allow Plaintiff to conduct additional discovery on what communications Consumer sent to Accelerated after Plaintiff disputed her debt.  May 7, 2015 Order at 2 (Docket No. 40).  A case management conference on the status of that discovery is currently scheduled for June 22, 2015.

**LEGAL STANDARD**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

2

1   At the summary judgment stage, the court may not weigh the evidence and must view it in

2   the light most favorable to the nonmoving party.  *Id.* at 255.

3          A party seeking summary judgment bears the initial burden of informing the court

4   of the basis for its motion, and of identifying those portions of the pleadings and discovery

5   responses that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*

6   *v. Catrett*, 477 U.S. 317, 323 (1986).  The non-moving party must then "identify with

7   reasonable particularity the evidence that precludes summary judgment."  *Keenan v. Allan*,

8   91 F.3d 1275, 1279 (9th Cir. 1996) (quotation and citations omitted).

9          "If a nonmovant shows by affidavit or declaration that, for specified reasons, it

10  cannot present facts essential to justify its opposition, the court may: (1) defer considering

11  the motion or deny it; (2) allow time to . . . take discovery; or (3) issue any other

12  appropriate order."  Fed. R. Civ. P. 56(d).  Early in a case, it is preferable to allow the

13  parties to conduct additional discovery, rather than decide a motion for summary judgment

14  on an incomplete record.  *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of*

15  *Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).

16

17  **DISCUSSION**

18         Plaintiff brings claims under the federal Fair Debt Collection Practices Act, the

19  California Rosenthal Act, the California Fair Debt Buying Practices Act, and the California

20  Unfair Competition Law.  Defendants move for summary judgment on all of these claims.

21

22  **I.    PLAINTIFF'S FAIR DEBT COLLECTION PRACTICES ACT CLAIMS**

23  **a.  Both Defendants are Debt Collectors and are Subject to the Act**

24         The federal Fair Debt Collection Practices Act, Title 15, United States Code,

25  section 1692 *et seq.*, prohibits debt collectors from taking certain actions in the course of

26  collecting a debt.  The statute distinguishes between "debt collectors," to whom these

27  prohibitions apply, and "creditors," to whom they do not; "these two categories—debt

28

United States District Court
Northern District of California

3

1   collectors and creditors—are mutually exclusive." *Schlosser v. Fairbanks Capital Corp.*,

2   323 F.3d 534, 536 (7th Cir. 2003).

3       A "debt collector" is defined as "any person who uses any instrumentality of

4   interstate commerce or the mails in any business the principal purpose of which is the

5   collection of any debts, or who regularly collects or attempts to collect, directly or

6   indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.

7   § 1692a(6).  A "creditor," on the other hand, is defined as "any person . . . to whom a debt

8   is owed, but such term does not include any person to the extent that he receives an

9   assignment or transfer of a debt in default solely for the purpose of facilitating collection

10  of such debt for another."  15 U.S.C. § 1692a(4).

11      Because of the latter clause in the "creditor" definition, courts around the country

12  have found that businesses are debt collectors, and subject to the requirements of the Fair

13  Debt Collection Practices Act, where they purchased a debt that was already in default for

14  the purpose of debt collection.  *E.g.*, *Ruth v. Triumph Partnerships*, 577 F.3d 790, 796-97

15  (7th Cir. 2009) ("Where, as here, the party seeking to collect a debt did not originate it but

16  instead acquired it from another party, we have held that the party's status under the

17  FDCPA turns on whether the debt was in default at the time it was acquired."); *see also*

18  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 931 (9th Cir. 2007) (explaining that a

19  party that purchases a debt can still be subject to the Act).

20      Courts in this district have relied on *Ruth* and *Guerrero*, and looked to whether a

21  debt was in default at the time of its purchase to determine whether the purchaser is a

22  creditor or a debt collector.  *E.g.*, *McQueen v. Am. Exp. Centurion Bank*, No. C 12–2550

23  MEJ, 2012 WL 5301075, at *2-3 (N.D. Cal. Oct. 25, 2012); *Suellen v. Mercantile*

24  *Adjustment Bureau, LLC*, No. 12–cv–00916 NC, 2012 WL 2849651, at *3-4 (N.D. Cal.

25  June 12, 2012); *see also Moen v. Merrick Bank Corp.*, No. C 07-0574 MMC, 2007 WL

26  1381411, at *1 (N.D. Cal. May 7, 2007).

27      Here, it is clear that Defendant Dynamic is a debt collector within the meaning of

28  the Fair Debt Collection Practices Act.  The collection letter that Dynamic sent to Plaintiff

United States District Court
Northern District of California

4

1    stated "This is an attempt to collect a debt by a debt collector . . . ."  Ex. J to King Decl.

2    (Docket No. 47).  Dynamic does not argue otherwise.

3         Accelerated is also a debt collector covered by the statute, under the reasoning of

4    *Ruth*, *McQueen*, and *Suellen*.  Accelerated purchased Plaintiff's debt while it was in

5    default: Plaintiff started receiving collection letters as early as 2001, and Accelerated

6    purchased the debt on January 15, 2010.  Compl. at ¶ 10; Stile Decl. at ¶ 5.  Accelerated is

7    therefore subject to the requirements of the Fair Debt Collection Practices Act, discussed

8    below.

9

10   **b.  Plaintiff Shall Conduct More Discovery to Determine Whether Defendants Knew**

11   **     Plaintiff was Represented**

12        Among other requirements and prohibitions, the Fair Debt Collection Practices Act

13   prohibits a debt collector from communicating directly with a consumer "if the debt

14   collector knows the consumer is represented by an attorney . . . ."  15 U.S.C.

15   § 1692c(a)(2).

16        Courts considering allegations that a debt collector communicated directly with a

17   represented consumer under section 1692c require that the consumer show the debt

18   collector had "actual knowledge" that the consumer was represented.  *Randolph v. IMBS,*

19   *Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *Offril v. J.C. Penny Co., Inc.*, No. C 08-5050 PJH,

20   2009 WL 69344, at *3 (N.D. Cal. Jan. 9, 2009).  This is because, unlike the other

21   provisions of the Act, section 1692c makes it a violation to communicate directly to a

22   consumer "if the debt collector *knows* the consumer is represented by an attorney."  15

23   U.S.C. § 1692c(2) (emphasis added).

24        The Act also has an affirmative "bona fide error" defense, whereby a debt collector

25   will not be held liable if it shows "by a preponderance of evidence that the violation was

26   not intentional and resulted from a bona fide error notwithstanding the maintenance of

27   procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c).  Some

28   courts, considering allegations under other provisions of the Fair Debt Collection Practices

United States District Court
Northern District of California

5

Act, have held that it is a "strict liability offense," subject to the affirmative bona fide error defense described above.  *E.g.*, *Reichert v. National Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008) (considering alleged violation of section 1692f); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) (considering alleged violation of section 1692e).  However, the Court is not aware of any case holding that the "actual knowledge" requirement of section 1692c is also subject to the reasonable procedures required in the bona fide error defense.

Here, the evidence suggests that neither Defendant had actual knowledge that Plaintiff was represented by an attorney when Dynamic sent its letter and called her. Accelerated's CEO testified in a declaration that the company "did not know Plaintiff was represented by counsel when it sent the account to Dynamic . . . ."  Stile Decl. at ¶ 8. Dynamic's CFO similarly testified that the company "did not have notice of any prior letters from Plaintiff and/or her counsel prior to sending its letter," and it "did not know Plaintiff was represented by counsel in connection with the subject debt."  Porter Decl. at ¶¶ 8, 9 (Docket No. 34-1).

However, Plaintiff submitted evidence that Plaintiff told another Defendant, Consumer, that she was represented and was disputing the debt, and that Consumer subsequently placed a "cease and desist" label on her account to stop collection.  Ex. B to King Decl. (Docket No. 37).  Plaintiff is already conducting discovery on the question of what information Consumer communicated to Accelerated in the process of attempting to collect Plaintiff's debt.  May 7, 2015 Order at 2.

Plaintiff shall be allowed to conduct additional discovery regarding what, if anything, Consumer told Accelerated and/or Dynamic regarding Plaintiff being represented by an attorney.  At the June 8 hearing, Plaintiff's counsel stated that he would need 60-90 days for additional discovery in this matter.  Plaintiff shall be prepared to discuss the status of this additional discovery request at the June 22 case management conference.

**c. Defendants May Have Made Misleading Statements Regarding the Debt**

The Fair Debt Collection Practices Act also prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "the false representation of . . . the character, amount, or legal status of any debt;" "the threat to take any action that cannot legally be taken;" and "[c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e & (2)(A), (5), (8).

"Whether conduct violates § 1692e requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (alteration and quotation omitted). "The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* (quotation omitted).

Federal courts disagree about whether a debt collector can be liable under the Fair Debt Collection Practices Act for sending a collection letter to a consumer for an unenforceable debt, such as where the statute of limitations has expired. *Alborzian v. JPMorgan Chase Bank, N.Am.*, 235 Cal. App. 4th 29, 36-37 (Cal. Ct. App. 2015) (collecting cases). In the Sixth and Seventh Circuits, a debt collector may be liable if the collection letter would mislead the least sophisticated debtor about the enforceability of the debt. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute."). In the Third and Eighth Circuits, however, such a collection letter is only actionable if it is accompanied by a threat of litigation. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or

United States District Court
Northern District of California

1    actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to

2    collect on a potentially time-barred debt that is otherwise valid.").

3           The Ninth Circuit has not yet determined whether a threat of litigation is required

4    for such a debt collection letter to be actionable.  Two cases in this district, both decided

5    prior to the Seventh Circuit decision of *McMahon*, have followed the approach of the

6    Eighth Circuit and required a threat of litigation in a debt collection letter.  *Abels v. JBC*

7    *Legal Grp., P.C.*, 428 F. Supp. 2d 1023, 1027 (N.D. Cal. 2005); *Perretta v. Capital*

8    *Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *4 (N.D. Cal.

9    May 5, 2003).  In *Perretta*, Judge Whyte applied the "least sophisticated debtor" standard

10   to the potential threat of litigation, and found that a letter threatening "further steps would

11   be taken" could be threatening to the least sophisticated debtor.  2003 WL 21383757, at

12   *4.

13          Here, Defendants have neither shown the absence of dispute as to any material fact,

14   nor that they are entitled to judgment as a matter of law.  It should be noted, first, that

15   Defendants only raised arguments under this section in their replies.  Second, it is

16   undisputed that Dynamic did not tell Plaintiff that the statute of limitations had expired on

17   her debt when it communicated with her.  Ex. J to King Decl.  Third, Dynamic's letter to

18   Plaintiff offered to "settle her account."  *Id.*  It is plausible that the least sophisticated

19   consumer could view an offer to settle as a veiled threat of litigation, or, at the least, as a

20   misrepresentation that a debt is still enforceable.  *McMahon*, 744 F.3d at 1020.

21          Moreover, Defendants did not discuss Plaintiff's claim that they failed to

22   communicate the legal status of her debt *to each other* whatsoever in their briefing.  Yet,

23   under section 1692e(8), quoted above, there is a possible cause of action if any Defendant

24   failed to communicate to another that Plaintiff was disputing the status of her debt.

25   Because this cause of action potentially exists, and Defendants did not argue the issue at

26   all, they are not entitled to summary judgment on this claim.

27          Accordingly, Defendants' motions for summary judgment on Plaintiff's claims

28   under section 1692e of the Fair Debt Collection Practices Act are DENIED.

United States District Court
Northern District of California

8

## II.    PLAINTIFF'S ROSENTHAL ACT CLAIMS

Plaintiff also brought claims under California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*.  The Rosenthal Act explicitly incorporates the federal Fair Debt Collection Practices Act by reference, except for its definitions section.  Cal. Civ. Code § 1788.17; *Alborzian*, 235 Cal. App. 4th at 36. Defendants are entitled to summary judgment on the Rosenthal Act claims only to the extent that they are entitled to summary judgment on the federal claims.  *See Diaz v. Kubler Corp.*, --- F.3d ---, No. 14-55235, 2015 WL 2214634, at *1 (9th Cir. May 12, 2015) ("The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . . The parties do not dispute that the Rosenthal Act claims at issue in this appeal rise or fall with the FDCPA claims.").

Just as Defendants have not shown that they did not violate sections 1692c and 1692e of the federal statute, they also have not shown that they did not violate the Rosenthal Act.  Defendants' motions for summary judgment on Plaintiff's Rosenthal Act claims are DENIED.

## III.   PLAINTIFF'S FAIR DEBT BUYING PRACTICES ACT CLAIMS

Plaintiff also brought claims under the California Fair Debt Buying Practices Act, Civil Code § 1788.50 *et seq*.  The Fair Debt Buying Practices Act imposes certain requirements on "debt buyers," defined by the statute as "person[s] or entit[ies] that [are] regularly engaged in the business of purchasing charged-off consumer debt for collection purposes."  Cal. Civ. Code § 1788.50(a)(1).  The Fair Debt Buying Practices Act applies "to debt buyers with respect to all consumer debt sold or resold on or after January 1, 2014."  *Id.* § 1788.50(d).

Here, Dynamic argues that it is not a debt buyer in this case; it never purchased Plaintiff's debt, but only opened an account on behalf of Accelerated.  Porter Decl. at ¶ 5, 7.  Accelerated argues that the Fair Debt Buying Practices Act does not apply to it, because

1   it purchased Plaintiff's debt on January 15, 2010, nearly four years before the Act went

2   into effect.  Accelerated Reply at 6; Stile Decl. at ¶ 5.

3          At the hearing, Plaintiff stipulated to drop her Fair Credit Purchasing Act claims,

4   for the reasons stated above.  Defendants' motions for summary judgment on these claims

5   are accordingly GRANTED.

6

7   **IV.    PLAINTIFF'S UNFAIR COMPETITION LAW CLAIM**

8          Plaintiff also brings a claim under California's Unfair Competition Law ("UCL"),

9   Business and Professions Code § 17200 *et seq*.  "The UCL borrows violations of other

10  laws and treats them as unlawful practices that the unfair competition law makes

11  independently actionable.  Further, the UCL creates three varieties of unfair competition—

12  acts or practices which are unlawful, or unfair, or fraudulent."  *Wilson v. Hewlett-Packard

13  Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quotation omitted).  Individuals suing under the

14  UCL cannot recover damages; rather, they are limited to restitution and injunctive relief.

15  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (Cal. 2003).

16         Defendants argue that Plaintiff's UCL claims must fail to the extent that they are

17  based on any of the statutory claims discussed above.  Dynamic Mot. at 8; Accelerated

18  Mot. at 6.  However, as discussed above, Defendants have not shown that they are entitled

19  to summary judgment on Plaintiff's Fair Debt Collection Practices Act and Rosenthal Act

20  claims.  As a result, Plaintiff may still maintain claims under the "unlawful" prong of the

21  UCL.

22         Moreover, Defendants made no argument regarding the "unfair" and "fraudulent"

23  prongs of the UCL.  *See* Dynamic Mot. at 8; Accelerated Mot. at 6-7.  They therefore have

24  not shown that they are entitled to summary judgment on these separate causes of action

25  under the UCL, and Defendants motions regarding Plaintiff's UCL claims are DENIED.

26

27

28

United States District Court
Northern District of California

10

**V.    PLAINTIFF SHALL NOT FILE AN AMENDED COMPLAINT WITHOUT LEAVE FROM THE COURT**

In his briefing, and at the June 8 hearing, Plaintiff's counsel stated that the Complaint should be amended to include additional causes of action under the Fair Debt Collection Practices Act related to Defendants' alleged threats to take unlawful credit reporting actions.  Opp'n to Dynamic Mot. at 9; Opp'n to Accelerated Mot. at 6.

After the time to amend a pleading as a matter of course has expired, a party may only amend with the opposing party's consent or with leave of the court.  Fed. R. Civ. P. 15(a)(2).  If Plaintiff chooses to amend her Complaint to add this new theory, she must either obtain a stipulation or file a motion.  If she chooses the latter, she shall set forth, in clear argument with citation to authority, why such amendment would not be futile.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' motions for summary judgment.  Defendants' motions regarding Plaintiff's Fair Debt Buying Practices Act claims are GRANTED.  Their motions regarding Plaintiff's Fair Debt Collection Practices Act section 1692e claims, and related Rosenthal Act and UCL claims, are DENIED.  The Court reserves judgment on Defendant's motions regarding Plaintiff's section 1692c claims until Plaintiff has conducted additional discovery.

**IT IS SO ORDERED.**

Dated:   06/15/15

_____
THELTON E. HENDERSON
United States District Judge