UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY H. FINLEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>DYNAMIC RECOVERY SOLUTIONS<br>LLC, et al.,<br><br>                    Defendants. | Case No. 14-cv-04028-TEH<br><br>**ORDER VACATING TRIAL DATE<br>AND SETTING FURTHER<br>DISCOVERY AND HEARING<br>SCHEDULE** |

This matter came before the Court for a case management conference on June 22, 2015, to discuss Plaintiff's discovery regarding certain communications between the Defendants.  June 15, 2015 Order at 6 (Docket No. 58); May 7, 2015 Order at 2 (Docket No. 40).  Specifically, on May 7, 2015, Plaintiff was given 45 days "to conduct discovery regarding CRA's communications to third parties as relevant to the pending motion," *i.e.*, whether Defendant Consumer Recovery Associates ("Consumer" or "CRA") failed to communicate to another Defendant that Plaintiff disputed her debt.  May 7, 2015 Order at 2.  The 45-day period closed on June 21, 2015, and Plaintiff was therefore expected to have completed discovery on this issue by the June 22, 2015 case management conference.

Additionally, at the June 8, 2015 hearing on Defendants Dynamic Recovery Solutions' ("Dynamic's") and Accelerated Financial Solutions' ("Accelerated's") motions for summary judgment, Plaintiff's counsel stated that he would need an additional 60-90 days to conduct discovery regarding these Defendants.  In its order granting Defendants' motions in part and denying them in part, the Court noted that the already-ongoing discovery regarding the May 7, 2015 order would be relevant to the question of whether the other Defendants knew that Plaintiff was represented, and ordered Plaintiff's counsel to be prepared to discuss his additional discovery requests at the case management conference.  June 15, 2015 Order at 6.

United States District Court
Northern District of California

At the case management conference, Plaintiff's counsel indicated that he had not completed discovery regarding the question of whether Consumer failed to communicate that Plaintiff disputed her debt, in spite of the expiration of the 45-day period to do so.  For example, Plaintiff submitted 65 requests for admission from Consumer on June 1, 2015, but, in light of the 30 day period to respond to such requests under Rule 36, Plaintiff could not reasonably expect a response before the June 22, 2015 case management conference.  Joint Statement at 2 (Docket No. 59); *see also* Fed. R. Civ. P. 36(a)(3).  Moreover, Plaintiff's counsel stated at the case management conference that he intended to conduct additional discovery, including requests for documents and depositions, even though the responses to such requests would be due well after the June 22, 2015 case management conference.

In light of Plaintiff's leisurely pace of discovery, the Court now finds it appropriate to vacate the trial date and set a schedule for further discovery in this case, and to set a hearing on the remaining issues from the pending motions.  Accordingly, IT IS HEREBY ORDERED that discovery in this case will proceed in phases.  Plaintiff shall have an additional 45 days from the entry of this order to complete discovery on the following issues: did Consumer fail to communicate to a third party that Plaintiff disputed her debt, and did Accelerated or Dynamic have actual knowledge that Plaintiff was represented at the time of Dynamic's debt collection activities.  Because the close of the 45-day period falls on a weekend, Plaintiff shall have until Monday, August 10, 2015, to complete discovery on the stated issues.  Plaintiff shall not conduct discovery on any matter outside of the stated issues until the Court sets a schedule on further phases of discovery.

Within seven days of the above deadline for Plaintiff's discovery on this issue, that is, no later than August 17, 2015, Plaintiff shall file a supplemental brief of no more than five pages, as well as any relevant declarations and exhibits, stating with particularity what evidence there is that Consumer communicated to a third party but omitted the fact that Plaintiff disputed her debt, such that Consumer's statute of limitations defense would not

United States District Court
Northern District of California

2

1  apply, as well as what evidence there is that Accelerated or Dynamic had actual knowledge

2  that Plaintiff was represented at the time of Dynamic's debt collection activities.

3          Within seven days of Plaintiff filing her supplemental brief, that is, no later than

4  August 24, 2015, each Defendant shall file a responsive brief of no more than five pages,

5  as well as any relevant declarations and exhibits.

6          The Court will hear oral argument on Monday, September 14, 2015, at 10:00 AM,

7  on the remaining issues from Defendants' pending motions for summary judgment: first,

8  did Consumer fail to communicate to a third party that Plaintiff disputed her debt; second,

9  is Consumer entitled to summary judgment based on its statute of limitations defense; and

10  third, did Accelerated and/or Dynamic have actual knowledge that Plaintiff was

11  represented at the time of Dynamic's debt collection activities.  The Court will also hold a

12  further case management conference at that time.  The parties shall file a joint statement no

13  longer than seven pages, setting forth their proposed schedules for the remainder of this

14  case, no later than seven days before the case management conference.

15          The August 3, 2015 deadline for completion of discovery, the September 28, 2015

16  motion hearing deadline, the November 2, 2015 pretrial conference, and the November 17,

17  2015 trial date are VACATED.

18          Plaintiff is hereby warned that further failures to adhere to the Court's scheduling

19  orders will be subject to monetary sanctions.

20

21

22  **IT IS SO ORDERED.**

23

24  Dated:   06/24/15                                    _____

25                                                                       THELTON E. HENDERSON
                                                                          United States District Judge

26

27

28

United States District Court
Northern District of California

3