UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY H. FINLEY,<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DYNAMIC RECOVERY SOLUTIONS<br>LLC, et al.,<br>　　　　　　　Defendants. | Case No. 14-cv-04028-TEH<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS FOR SUMMARY<br>JUDGMENT** |

This matter came before the Court on September 14, 2015 for a hearing on issues for which this Court allowed additional discovery, related to Defendants' motions for summary judgment.  After carefully considering the parties' written and oral arguments, the Court now GRANTS Defendant Consumer Recovery Associates' motion for summary judgment, and GRANTS summary judgment for Defendants Dynamic Recovery Solutions and Accelerated Financial Solutions on the issue of whether Defendants knew Plaintiff was represented by counsel.

**BACKGROUND**

In June of 2001, banks and debt collectors started contacting Plaintiff Nancy Finley ("Plaintiff") regarding a debt she owed of approximately $18,000.  Compl. at ¶ 10 (Docket No. 1-1).  California's four-year statute of limitations for Plaintiff's debt appears to have run sometime in 2004 or 2005.  *Id.* at ¶¶ 17, 18.  Nonetheless, debt collection agencies continued to contact Plaintiff, off and on, for almost ten years after the statute of limitations expired.  *Id.* at ¶ 10.

On January 15, 2010, Defendant Accelerated Financial Solutions ("Accelerated") purchased Plaintiff's debt.  Stile Decl. at ¶ 5 (Docket No. 35-1).  Also, sometime in April of 2010, Plaintiff received a letter from Defendant Consumer Recovery Associates ("Consumer"), requesting repayment of the debt.  Compl. at ¶ 10(m).  Plaintiff's counsel

1    sent a letter to Consumer on April 29, 2010, notifying Consumer that Plaintiff was

2    represented by counsel, that Plaintiff disputed the debt, and alleging violations of the

3    federal Fair Debt Collection Practices Act ("FDCPA"), among other assertions.  *Id.* at ¶

4    14.  Consumer did not respond to Plaintiff's counsel's letters.  *Id.* at ¶ 15.  Consumer

5    asserts that after receiving the letter, Consumer coded the account as cease and desist and

6    closed the account on its system.  Fox Decl. ¶¶ 5, 6 (Docket No. 87).

7          Sometime between January 27 and February 4, 2014, Accelerated opened an

8    account with Defendant Dynamic Recovery Solutions ("Dynamic") for the purposes of

9    collecting Plaintiff's debt.  Stile Decl. at ¶ 6; Porter Decl. at ¶ 5 (Docket No. 34-1).  On

10    May 7, 2014, Dynamic sent a debt collection letter to Plaintiff, requesting payment of

11    $39,969.99.  Ex. J to King Decl. (Docket No. 47).  The collection letter offered to "settle

12    [Plaintiff's] account" under various payment plan arrangements.  *Id.*  Plaintiff also alleges

13    that Dynamic called her approximately nine times between March 8, 2014, and June 7,

14    2014.  Opp'n to Dynamic Mot. at 3 (Docket No. 44).

15          Plaintiff brought suit in August of 2014 against Defendants Accelerated, Dynamic,

16    and Consumer, alleging violations of the FDCPA, the California Rosenthal Act, the

17    California Fair Debt Buying Practices Act (CFDBPA), and California's unfair competition

18    law.  Compl. at ¶¶ 28-49.  Defendants Accelerated and Dynamic moved for summary

19    judgment on all of Plaintiff's claims against them.  Accelerated Mot. at 2 (Docket No. 35);

20    Dynamic Mot. at 2 (Docket No. 34).

21          Defendant Consumer separately moved for summary judgment based on the

22    expiration of the statute of limitations for Plaintiff's claims against it.  Consumer Mot. at 2

23    (Docket No. 27).  This Court vacated the hearing on that motion to allow Plaintiff to

24    conduct additional discovery on the question of whether Consumer failed to communicate

25    to Accelerated the fact that Plaintiff was represented by counsel.  May 7, 2015 Order at 2

26    (Docket No. 40).

27          On June 15, 2015, this Court granted summary judgment to Defendants regarding

28    Plaintiff's Fair Debt Buying Practices Act.  June 15, 2015 Order (Docket No. 58).  The

United States District Court
Northern District of California

1    Court allowed Plaintiff to conduct more discovery to determine (1) whether Defendants

2    knew Plaintiff was represented by counsel; and (2) whether Defendant Consumer failed to

3    communicate to third parties that Plaintiff disputed her debt, and whether Plaintiff is barred

4    by the statute of limitations.  June 24, 2015 Order (Docket No. 66).  This Court heard oral

5    argument on those issues on September 14, 2015.

6

7    **LEGAL STANDARD**

8         Summary judgment is appropriate when there is no genuine dispute as to material

9    facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

10   Material facts are those that may affect the outcome of the case.  *Anderson v. Liberty*

11   *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there

12   is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

13   The Court may not weigh the evidence and must view the evidence in the light most

14   favorable to the nonmoving party.  *Id.* at 255.  The Court's inquiry is "whether the

15   evidence presents a sufficient disagreement to require submission to a jury or whether it is

16   so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

17        A party seeking summary judgment bears the initial burden of informing the Court

18   of the basis for its motion, and of identifying those portions of the pleadings and discovery

19   responses that "demonstrate the absence of a genuine issue of material fact."  *Celotex*

20   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden

21   of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could

22   find other than for the moving party."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978,

23   984 (9th Cir. 2007).  However, on an issue for which its opponents will have the burden of

24   proof at trial, the moving party can prevail merely by "pointing out . . . that there is an

25   absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  If

26   the moving party meets its initial burden, the burden shifts to the opposing party, who must

27   "set out specific facts showing a genuine issue for trial" to defeat the motion.  Fed. R. Civ.

28   P. 56(e)(2); *Anderson*, 477 U.S. at 256.

3

United States District Court
Northern District of California

1    A court need consider only the materials cited by the parties.  Fed. R. Civ. P.

2    56(c)(3).  A district court has no independent duty "to scour the record in search of a

3    genuine issue of triable fact" and may "rely on the nonmoving party to identify with

4    reasonable particularity the evidence that precludes summary judgment."  *Keenan v. Allan*,

5    91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotation marks omitted); *see also Carmen v.*

6    *San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court

7    need not examine the entire file for evidence establishing a genuine issue of fact, where the

8    evidence is not set forth in the opposing papers with adequate references so that it could

9    conveniently be found.").

10

11   **DISCUSSION**

12   **I.    Defendant Consumer Recovery Associates**

13        **A.    Plaintiff's Claims Against Consumer Are Barred by the Statute of**

14               **Limitations**

15        The statute of limitations for FDCPA actions is found at 15 U.S.C. § 1692k(d),

16   which reads, in pertinent part: "An action to enforce any liability created by this

17   subchapter may be brought . . . within one year from the date on which the violation

18   occurs."  The statute of limitations for Rosenthal Act claims and CFDBPA claims are also

19   one year.  Cal Civ. Code § 1788.30 (Rosenthal); Cal. Civ. Code § 1788.62(f) (CFDBPA).

20   California's unfair competition law is predicated on violations of other laws (FDCPA,

21   Rosenthal, and/or CFDBPA); thus, if the underlying claims are barred, the unfair

22   competition law claim fails.  *See* Cal. Bus. & Prof. Code § 17200, *et seq.*

23        The FDCPA's statute of limitations is measured from "the most recent date on

24   which the defendant is alleged to have violated the FDCPA."  *Weiner v. McCoon*, 2007

25   WL 2782843 at *3 (S.D. Cal. Sept. 24, 2007).  Courts have held that in non-filing

26   situations, the statute of limitations begins to run when the violating collection letter is

27   mailed.  *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) ("because the mailing date

28   was the debt collector's last opportunity to comply with the Act, … the mailing of the

4

letters, therefore, triggered section 1692k(d)") (internal quotations and citations omitted).
Consumer argues that the statute of limitations should not be tolled because the only
communications from Consumer to Plaintiff are two letters sent in 2009 and 2010.  MSJ
(ECF 27) at 4.  Thus, all of Plaintiff's claims against Consumer are time-barred.  Plaintiff
argues, in essence, two things: (1) a "continuing wrong" theory; and (2) equitable tolling,
or the "discovery rule."

### 1.        Continuing Wrong Doctrine

Plaintiff's "continuing wrong" theory is as follows: Because Plaintiff was unaware
that Consumer transferred the account, Dynamic's violation (a letter sent on May 7, 2014)
was attributable to Consumer.  In other words, Plaintiff argues that because Consumer did
not ensure that Dynamic complied with applicable laws, Dynamic's violation became
Consumer's "continuing wrong."  Plaintiff fails to cite any authority that supports
imputing a second debt collector's actions to the debt collector who assigned the debt.
Plaintiff suggests that Consumer should be liable for Dynamic's actions after Consumer
closed the account in their system, simply because Dynamic did not state in its letter to
Plaintiff that Dynamic knew the account was disputed.

Generally, the continuing wrong – or continuing violation – doctrine applies to
"repeated instances or continuing acts of the same nature."  *Sisseton-Wahpeton Sioux Tribe
v. U.S.*, 895 F.2d 588, 597 (9th Cir. 1990).  In most instances, the doctrine is applied in
hostile work environment cases.  *See, e.g., Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798,
821-25 (2001) (California FEHA disability claim).  As applied to debt collection claims,
the continuing wrong doctrine permits recovery for actions outside the limitations period if
they are sufficiently linked to unlawful conduct within the limitations period.  *See Joseph
v. J.J. Mac Intyre Cos., LLC*, 281 F. Supp. 2d 1156, 1162 (N.D. Cal. 2003).

Analogous to other types of claims that allow assertion of the continuing wrong
doctrine, the key inquiry in debt collection cases is "whether the conduct complained of
constitutes a continuing pattern and course of conduct as opposed to unrelated discrete
acts."  *Id.* at 1161.  If a pattern exists, the continuing wrong doctrine brings the entire

course of action into the statute of limitations so long as the action is filed within one year of the date of the most recent alleged violation.  *Id.* ("If there is a pattern, then the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA, and the entire course of conduct is at issue.").

Plaintiff does not offer any support for why this Court should apply the continuing wrong doctrine to violations by different defendants, nor does Plaintiff try to convince the Court that Consumer committed repeated instances or continuing acts of the same nature. Furthermore, the Ninth Circuit has disapproved of applying the doctrine of continuing wrong to situations where the continuing wrong is only the "ill effects from an original violation."  *Ward v. Caulk*, 650 F.2d 1144, 1146-47 (9th Cir. 1981).  Therefore, Plaintiff's continuing wrong argument fails.

### 2.      Equitable Tolling Doctrine

The Ninth Circuit has held that equitable tolling, otherwise known as the "discovery rule," is applicable to the FDCPA.  *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-40 (9th Cir. 2009).  "Equitable tolling is extended only sparingly by the courts, and it is generally awarded in two situations: (1) where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or (2) where the complaint has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Wilson v. Gordon & Wong Law Group, P.C.*, No. 13-CV-00609, 2013 WL 6858975 (slip copy) (E.D. Cal. Dec. 24, 2013) (internal quotation marks omitted), quoting *Irwin v. Dept of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Defendant contends, and Plaintiff fails to rebut, that neither situation applies in this case.

"Equitable tolling permits an otherwise untimely suit only if the plaintiff shows she acted diligently in pursuing her rights."  *Magnum*, 575 F.3d at 946 (O'Scannlain, J., concurring).  Plaintiff cites no reason for waiting four years to file a claim against Consumer; instead Plaintiff contends that Consumer did not notify Plaintiff when Consumer transferred her debt, so thus she had no way of knowing the debt was transferred.  However, Plaintiff was aware of potential FDCPA violations by Consumer at

least as early as 2010, because the letter from Plaintiff's counsel demanded payment of damages for such violations.  Compl. ¶ 14.

Plaintiff claims that this case is "very similar" to *Dorsey v. David B. Schumacher, P.C.*, because, like the plaintiff in *Dorsey*, she was not put on notice of the most recent alleged violation (Consumer transferring the account to another debt collector without communicating the disputed status of the debt) until it was too late to file a claim.  No. 14-CV-1190, 2015 WL 569958 (D. Ore. Feb. 11, 2015) (slip copy).  However, the violation in *Dorsey* was the failure of the defendant to mail information required by statute, so the plaintiff was unaware of the injury.  *Id.* at *2.  The plaintiff did not know the extent of his rights (such as the ability to file suit), because the rights have been spelled out in the omitted mailing.  *Id.*  By its very nature, the violation was undiscoverable, and the plaintiff did not have a prior opportunity to file suit.  *Id.* at *3.  Furthermore, the plaintiff in *Dorsey* did not even allege equitable tolling, because they limited their complaint to "Defendant's actions within the past year."  *Id.*  (internal quotation marks omitted).

Unlike Dorsey, and unlike other equitable tolling cases, Plaintiff here was aware of a violation and had the opportunity to file suit within the statute of limitations period. Consumer did not commit any fraud to conceal violations from Plaintiff, nor did Consumer induce or trick Plaintiff into allowing the filing deadline to pass.  *See Irwin*, 498 U.S. at 96. Therefore, Plaintiff's continuing wrong and equitable tolling arguments fail.

**B.      The Only Evidence of Consumer's Communication to Third Parties Indicates That Consumer Communicated Plaintiff's Dispute**

Section 1692e of the FDCPA states, in pertinent part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . [T]he following conduct is in violation of this section: . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

15 U.S.C. § 1692e(8).

United States District Court
Northern District of California

1    Plaintiff asserts that because Consumer knew that Plaintiff was represented by

2    counsel and that Plaintiff disputed the debt, but the letter sent from Dynamic to Plaintiff on

3    May 7, 2014 did not acknowledge such facts, that "a reasonable inference may be drawn

4    that [Consumer] failed to communicate this information when it transferred its account to

5    Dynamic."  Opp'n at 6 (Docket No. 28).  This inference is neither reasonable nor logical.

6    Omissions by Dynamic do not prove omissions by Consumer.

7    This Court gave Plaintiff the opportunity to conduct further discovery on this issue,

8    and the evidence shows that Consumer did in fact communicate the necessary information

9    to Dynamic.  Defendant contends that Plaintiff has presented "no evidence whatsoever"

10   that there is still a dispute as to whether Consumer communicated to a third party but

11   omitted that Plaintiff disputed her debt.  Consumer Resp. Brief at 2 (Docket No. 86).  This

12   Court is inclined to agree.  Despite having ample time to conduct discovery[1], Plaintiff has

13   failed to conduct depositions or any methods of discovery other than interrogatories and

14   requests for admissions, which do little to reveal any dispute as to whether Consumer

15   failed to disclose required information.

16   Plaintiff also mischaracterizes some of the evidence, by confusing the issue of (1)

17   whether Consumer failed to communicate to third parties the disputed status of the debt

18   (which would be a violation of the FDCPA) with (2) whether Consumer failed to provide

19   to third parties the letter stating that the debt is in dispute (which is not a requirement

20   under the FDCPA).  In particular, Plaintiff states, with emphasis, that while it was

21   Consumer's policy to notify [Accelerated] of disputes on accounts, that Consumer was

22   "unable to document that they did this specifically with regard to the April 29 2010 letter."

23   Plaintiff's Memo. Re: Add'l Disc. at 3 (Docket No. 73).  In reality, Consumer stated that

24   they lacked documentation as to the letter itself, but stated that Consumer "[a]dvised

25   _____

26   [1] The Court granted Plaintiff 45 days of discovery on May 7, 2015, regarding Consumer's
     communications with other parties, which bears on this issue.  May 7, 2015 Order at 2.
27   Plaintiff requested further discovery at a hearing on June 8, 2015.  June 15, 2015 Order at
     6.  Then, on June 24, 2015, although concerned with Plaintiff's leisurely pace of discovery,
28   the Court granted an additional 45 days of discovery on the two issues addressed by the
     present Order.  June 24, 2015 Order at 2.

[Accelerated] by email concerning plaintiff's dispute of the account, as reflected in records produced by AFS." Ex. DD at 6 (Docket No. 78).

Furthermore, Consumer's response to Plaintiff's request for admission number 45 states that "[Consumer] also advised Accelerated Financial Solutions that the account was disputed." Ex. BB at 3 (Docket No. 76). Account records produced by Accelerated reflect an email on or about June 3, 2010 from Kalin C. Scott, who was Consumer's Vice President at the time, advising that the account was disputed. Ex. A to Fox Decl. (Docket No. 87).

For the reasons stated above, Consumer has met its burden of showing that there is no dispute of a material fact as to whether Consumer failed to communicate to third parties that Plaintiff disputed her debt. Furthermore, Consumer also met its burden as to the statute of limitations. Accordingly, the Court GRANTS Consumer's motion for summary judgment.

## II.   **Defendants Dynamic Recovery Solutions & Accelerated Financial Services**

### A.   **Evidentiary Objections**

As a preliminary matter, Defendants Accelerated and Dynamic object to Docket No. 74 (Exhibit AA filed by Plaintiff) on the grounds of (1) lack of authentication and foundation, Fed. R. Evid. 901; (2) lack of personal knowledge, Fed. R. Evid. 602; and (3) inadmissible hearsay, Fed. R. Evid. 801, 802. The Exhibit at issue is an article from the Consumer Law Section of the State Bar of Michigan's Newsletter, dated April 2008, titled "Debt Collector Liability Under the FDCPA for Failure to Note a Consumer Dispute Before Transfer to Next Collector." This Court finds the article unauthoritative and inadmissible for purposes of deciding on a summary judgment motion.

### B.   **Whether Defendants Knew Plaintiff Was Represented by Counsel**

FDCPA Section 1692c prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney… and has knowledge of, or can readily ascertain, such attorney's name and address…" 15

U.S.C. § 1692c(a)(2).  Because the language of the statute includes the word "knows," courts considering allegations that a debt collector communicated directly with a represented consumer under Section 1692c have required that the consumer show the debt collector had "actual knowledge" that the consumer was represented.  *See, e.g., Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *Offril v. J.C. Penney Co., Inc.*, No. C 08-5050 PJH, 2009 WL 69344 at *3 (N.D. Cal. Jan 9, 2009).

Section 1692e, titled "False or Misleading Representations," provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The section goes on to say that violations include "The false representation of … the character, amount or legal status of any debt…" *Id.* at § 1692e(2)(A).

Defendants Accelerated and Dynamic assert that Plaintiff failed to provide any admissible evidence that (1) Accelerated had actual knowledge of the fact that Plaintiff was represented by an attorney when Accelerated placed the debt for collection with Dynamic, or (2) Dynamic had actual knowledge of the fact that Plaintiff was represented by an attorney when Dynamic attempted to collect the debt.

## 1. Accelerated Neither Communicated with Plaintiff Nor Made Representations to Dynamic

First and foremost, Plaintiff failed to provide evidence to refute the assertion that Accelerated never communicated with Plaintiff at all.  Looking to the plain language of the statute, in order to find a violation of Section 1692c of the FDCPA, there must be a communication.  Thus, absent evidence of a communication by Accelerated to Plaintiff, Accelerated could not have violated Section 1692c.

Next, this Court addresses whether Accelerated's act of transferring the debt to Dynamic constituted a "representation" for purposes of Section 1692e, such that failure to communicate to Dynamic during the transfer that Plaintiff was represented by counsel constituted "false or misleading representations" as to the "legal status" of the debt.  Again, Plaintiff's discovery fails to show any communication between Accelerated and

1    Dynamic at all.  While Accelerated admits to knowing the account was disputed when it

2    placed the account with Dynamic (Req. for Admission No. 89), it denies (1) knowing that

3    Plaintiff was represented by counsel (Req. for Admission Nos. 93, 94); and (2) sharing any

4    information with Dynamic when placing the account.  *See* Ex. FF at 3, 4 (Docket No. 82).

5         Because Plaintiff was given ample time to conduct discovery on this issue and

6    failed to call attention to disputed issues of material fact, Accelerated's motion for

7    summary judgment regarding violations of Sections 1692c and 1692e is GRANTED.

8              **2.    Dynamic Did Not Have Actual Knowledge That Plaintiff Was**

9                        **Represented by Counsel**

10        The only admissible evidence that Plaintiff asserts to raise a dispute as to

11   Dynamic's knowledge of Plaintiff's representation is as follows: Accelerated's records,

12   noting "lawsuit" on the account status, combined with Dynamic's answers to

13   interrogatories numbers 10 and 2, where Dynamic states that it reviewed records provided

14   by Accelerated.  Ex. A to Fox Decl. (Docket No. 87); Ex. HH at 4, 6 (Docket No. 83).

15   Absent more, this is not sufficient evidence of actual knowledge to survive a motion for

16   summary judgment.

17        The word "lawsuit" does not necessarily mean that Plaintiff was represented by

18   counsel.  The records do not state that a letter was written by counsel, nor do they detail

19   the contents of the letter.  There is no information in the records that would lead Dynamic

20   to have "knowledge of, or [be able to] readily ascertain, such attorney's name and

21   address."  *See* 15 U.S.C. § 1692c(a)(2).

22        Furthermore, the theory that Accelerated's records impute actual knowledge to

23   Dynamic is not sufficient to prove actual knowledge.  In *Randolph*, the Seventh Circuit

24   held that a collection agency's letter to debtor who was represented by counsel did not

25   violate FDCPA, since the collection agency did not know debtor was represented by

26   counsel, even though the original creditor's files contained information that the debtor was

27   represented.  368 F.3d at 729-30.  This is because a creditor's knowledge is not imputed to

28   collection agency. *Id.; see also Schmitt v. FMA Alliance*, 398 F.3d 995, 997-98 (8th Cir.

2005) (holding that a creditor's knowledge that the consumer is represented by counsel is not imputed to the debt collector under the FDCPA; noting that imputing a creditor's actual knowledge of a debtor's representation to the debt collector "contradicts established agency law, which dictates that while the knowledge of the agent is imputed to the principal, the converse is not true").

Because Plaintiff was unable to raise a genuine issue of material fact in response to Dynamic's motion for summary judgment, and Plaintiff offered no evidence beyond mere speculation, Dynamic's motion for summary judgment is GRANTED as to whether Dynamic knew that Plaintiff was represented by counsel.

**CONCLUSION**

In accord with the above discussion, IT IS HEREBY ORDERED THAT:

1.  Defendant Consumer's motion for summary judgment is GRANTED as to the statute of limitations.  Furthermore, summary judgment is GRANTED as to the issue of whether Consumer failed to communicate to third parties that Plaintiff disputed her debt.

2.  Defendant Dynamic's motion for summary judgment is GRANTED as to whether Dynamic communicated with Plaintiff despite knowing that Plaintiff was represented by counsel.

3.  Defendant Accelerated's motion for summary judgment is GRANTED as to whether Dynamic communicated with Plaintiff despite knowing that Plaintiff was represented by counsel.

**IT IS SO ORDERED.**

Dated:   09/30/15                          _____
                                            THELTON E. HENDERSON
                                            United States District Judge